[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
In this action, the plaintiffs seek to recover damages from the defendant insurance company under the uninsured motorist coverage of the automobile insurance policy it had issued to them. The plaintiffs claim that Joann Jensen sustained injuries as a result of an accident in which the other driver was uninsured.
In the second count, the plaintiff, Christopher Jensen, Sr., seeks recovery for emotional distress and loss of consortium as a result of the injuries sustained in that accident by his wife, Joann Jensen.
The defendant has moved for summary judgment in its favor as to this second count on the grounds that there is no legal support under either the pertinent statute, C.G.S. Section38a-336(a)(1), or under case law for an action for loss of consortium in an uninsured motorist case.
C.G.S. Section 38a-336(a)(1) reads, in pertinent part:
 Each automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . because of bodily injury, including death resulting therefrom.
The policy involved in the present action provides in "Part
C — Uninsured Motorist Coverage" that:
CT Page 9577 We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily in jury:
1. Sustained by a covered person,; and
2. Caused by an accident.
"Covered person" as used in this part means:
1. You or any family member.
2. Any other person occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury:
a. to which this coverage applies; and
 b. which is sustained by a person described in 1. or 2. above.
The defendant asserts that, beyond question, the statute provides coverage for damages because of "bodily injury." The defendant cites Izzo v. Colonial Penn Ins. Co., 203 Conn. 305,313, 524 A.2d 641 (1987) that "[a] claim of loss of consortium, although a `personal injury' is not a `bodily injury' to the claimant." The defendant also has referred this court to the opinion in the case of McKenna v. Petro, Jr., 5 C.L. Rptr. 136 (November 11, 1991, Meadow, J.) for the assertion that because loss of consortium does not constitute a claim for bodily injury, a plaintiff husband could not maintain an action for such injuries against his uninsured motorist carrier.
The defendant also has referred this court to the case of White v. Safeco Insurance Co., 680 P.2d 700 (Or.App. 1984) for the proposition that a plaintiff wife of an injured motorist has no right of action for loss of consortium under the uninsured motorist coverage of the insurance policy.
The plaintiffs, in turn, also cite Izzo, supra, at 312 for the proposition that, at least in interpreting the "per person" limit of an insurance policy as opposed to the "per occurrence" CT Page 9578 limit, "[t]he plaintiff's loss of consortium claim, therefore, clearly fits within the `per person' limit as it is a loss sustained `because of bodily injury to one person [the injured spouse] caused by any one occurrence."
The court in McKenna did not directly address this issue as to whether a loss of consortium claim arises because of bodily injury although not in itself a claim for bodily injury. Moreover, the court in that case stated that it was not presented with and therefore did not consider the terms of the specific insurance policy in issue.
It should be noted that the statute in Oregon considered in the White case cited by the defendant, ORS 743.792(a)(1) requires, as quoted in that case, that uninsured motorist coverage provide:
 "The insurer will pay all sums which the insured, his heirs or his legal representative, shall be legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle * * *"
Thus, unlike the broader Connecticut statute, recovery is limited specifically to the injured insured or his estate for injury sustained by the insured.
Moreover, in White, at 702, the court stated: "Although the plaintiff wife is an insured, neither her claim for loss of consortium or her claim for mental anguish results from any bodily injury she has sustained. If we view the husband as `the insured,' the claim fails because the wife's claim for loss of consortium is independent of husbands's right to recover for bodily injury."
In Connecticut, however, ". . . We recognized in Hopson [v. Saint Mary's Hospital, 176 Conn. 485, 408 A.2d 260 (1979)] that although loss of consortium is a separate cause of action, it is an `action which is derivative of the injured spouse's cause of action.' Hopson v. St. Mary's Hospital, supra. Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. Colonial Penn Ins. CT Page 9579 Co., 203 Conn. 305, 312, 524 A.2d 641 (1987).
The plaintiffs have referred this court to the Colorado case of Sparks v. American Fire Indemnity Co., 796 P.2d 5001
(Colo.App. 1989). In that case, the Colorado court examined the insurance policy and found that the policy provision for uninsured motorist coverage, wherein the company agreed to pay damages which a "covered person" was entitled to recover because of "bodily injury . . . sustained by a covered person," applied to a loss of consortium claim by the husband of the injured driver, even though he sustained no bodily injury. This was because his wife had sustained bodily injuries and she was a "covered person" as described in the policy, therefore the husband, who was also a "covered person" could, under the contract, recover damages for his independent loss of consortium claim.
The policy provision in issue in Sparks is remarkably similar to the instant provision. The rationale of the Sparks court is that an automobile liability insurance policy is a contract and is to be construed according to the general laws for the construction of contracts. When the language of an insurance contract is plain, clear and unambiguous, a court cannot by judicial construction rewrite it, but must enforce it as written. Moreover, the natural and obvious meaning of a contract of insurance must be preferred to any curious hidden sense evolved by the ingenuity of an acute intellect and the exigencies of a hard case. Rather, an insurance policy must be given the meaning which a person of ordinary intelligence would attach to it. Since loss of consortium has been recognized as an actionable injury in Colorado, a plaintiff is entitled to recover damages under that theory. Sparks, supra, at 503.
The evidence submitted, indicates that in the present policy the plaintiff, Christopher Jensen, is a "covered person" and the injured wife, Joann Jensen, is a "covered person." The wife sustained bodily injury while she was a "covered person." Under Connecticut law, a husband or wife is entitled to seek recovery in damages for loss of consortium because of bodily injury sustained by his or her spouse.
As the Sparks court noted, "[t]he policy language does not require that recovery be limited to one who has sustained a bodily injury. Nowhere in its terms does it so provide, and we may not rewrite it to do so. . . . Similarly, the references to "any person" and "a person" in Subsection 3 cannot be CT Page 9580 interpreted to be equivalent to "the same injured person" unless we engage in substantial rewriting of the policy." 769 P.2d at 503.
Because the statute does not clearly limit coverage under the mandated uninsured motorist requirements only to claims by the person injured and because the terms of the policy do not clearly exclude claims by a covered person for loss of consortium, the defendant's motion for summary judgment on the second count is denied.
NIGRO, J.