[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this case the claimant, Elizabeth C. Smith, seeks an order from this court compelling the respondent insurance company to submit to arbitration of a coverage issue. The issue is whether the claimant's underinsured motorist policy provides coverage for her claim for loss of consortium which arises out of bodily injuries to her husband. The policy provides for arbitration where an insured and the respondent fail to agree whether the insured is legally entitled to recover damages.
The respondent has moved to dismiss on the grounds that the claim for loss of consortium, in the context of uninsured or underinsured motorist coverage, is not recognized in Connecticut.
Coverage under an uninsured motorist provision of an insurance policy must be determined through arbitration when the policy provides that the parties will arbitrate. Lane v. Aetna Casualty Surety Co., 203 Conn. 258, 263,524 A.2d 616 (1987); Wilson v. Security Ins. Group,199 Conn. 618, 623, 509 A.2d 467 (1986).
The respondent correctly points out that 389-336(a)(1) of the Connecticut General Statutes does not require an insurance company to provide coverage for loss of consortium under an uninsured motorist policy. However, a statute's failure to require uninsured motorist coverage does not mandate a limitation of such coverage. CT Page 9827 Chmielewski v. Aetna Casualty and Surety Co., 218 Conn. 646,591 A.2d 101 (1991).
The relevant portions of the insurance policy provide:
 We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury. . .[s]ustained by an insured. . .
The claimant argues that under Connecticut law, Elizabeth Smith, an insured, is legally entitled to recover loss of consortium damages from the negligent operator of the underinsured motor vehicle because of bodily injuries sustained by her husband, an insured. The policy provision does not confine recovery to damages which "an" insured is entitled to recover because of bodily injuries sustained by "that" insured.
Limitations of liability on underinsured motorist coverage "must be construed most strongly against the insurer." America Universal Insurance Co. v. DelGreco,205 Conn. 178, 196, 530 A.2d 171 (1987). Any ambiguity must be construed against the insurer. Avis Rent-A-Car Systems, Inc. v. Liberty Mutual Ins. Co., 203 Conn. 667,672, 526 A.2d 522 (1987).
For the foregoing reasons, the Motion to Dismiss is denied.
By the Court
Aurigemma, J.