[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The present matter before the court is a motion for summary judgment filed by the defendant insurer, Hanover Insurance Company (hereinafter "defendant"), on April 2, 1993.
On December 22, 1992, the plaintiffs, Deborah Constantino and Vincent Constantino, filed the present action seeking under-insured motorist coverage from the defendant arising out of injuries sustained by the plaintiff, Deborah Constantino and Tar Constantino, in an automobile accident on November 17, 1989.
In paragraph 9 of the complaint, the plaintiff, Vincent Constantino (hereinafter "plaintiff"), alleges that he is the husband of Deborah Constantino, "and has a claim for loss of consortium."
In the defendant's memorandum of law in support of its motion for summary judgment, the defendant argues that judgment should be entered against the plaintiff on the ground that loss of consortium is not a "bodily injury" for which coverage is provided for in its policy of insurance.
On May 7, 1993, the plaintiff filed his opposition to the defendant's motion for summary judgment with supporting evidence.
Practice Book 379 provides in pertinent part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, CT Page 8979 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id., 246-47. "To satisfy his burden of movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984).
In its motion for summary judgment, the defendant claims that there remains no genuine issues of material fact and that it is entitled to judgment as a matter of law as against the plaintiff husband. This assertion is based on the defendant's argument that the plaintiff's claim for loss of consortium is not within the coverage provision for "bodily injury" under its insurance policy.
Connecticut courts have noted that, while our uninsured and underinsured motorist (UM) statutes do not require an insurer to provide coverage for loss of consortium, that fact does not mandate a limitation of such coverage, which may be available insurance contract itself. Smith v. Amica Insurance Co., 7 CSCR 1276
(October 23, 1992, Aurigemma, J.), citing Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 673, 591 A.2d 101 (1991) (statutory language is permissive); Clyburn v. Shaindlin, Superior Court, Judicial District at New Haven, Docket No. 32-65-17 (April 21, 1992, Gordon, J.) (UM policy may provide more coverage than statute requires; motion to strike consortium claim denied).
As authority for the proposition that loss of consortium damages are not covered under the Hanover policy, the defendant relies on McKenna v. Petro, 5 Conn. L. Rptr. 136 (October 10, 19 Meadow, J.), where the court did not base its denial of plaintiff's consortium claim on the policy itself, but rather on the statutory language of General Statutes 38a-336(a)(1), because neither party had attached a copy of the Aetna policy in dispute to their pleadings. Ruling on the defendant's motion to strike in McKenna, Judge Meadow refused to consider either party's argument as to the language of the Aetna policy, and then rejected the plaintiff husband's claim that Izzo v. Colonial Penn Ins. Co., 203 Conn. 305,524 A.2d 641 (1987), authorized loss of consortium damages, on the ground that such damages were expressly included CT Page 8980 under the Colonial Penn policy's bodily injury coverage. Because McKenna (and like Izzo), the language of the specific Hanover policy in issue here is properly before the court, and it must therefore be read according to the ge general rules for construction of contracts. The rule in Connecticut is that an insurance policy, like any other contract, must be given a reasonable interpretation, and the words used are to be given their common, ordinary, and customary meaning. Izzo, supra, 309.
In the present action, there remains genuine issues of material fact as to whether either of the coverage provisions for "bodily injury" or "consequential damages" within the Hanover policy provides for UM coverage for the plaintiff's claim for loss of consortium.
Therefore, based on the aforementioned discussion, the court denies the defendant's motion for summary judgment on the ground that there remains genuine issues of material fact as to whether the plaintiff's claim for loss of consortium falls within the UM coverage provisions of the Hanover policy.
Higgins, J.