[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 391-U
On September 12, 1995, the plaintiffs, Gail and Michael Tucci, filed an application to compel arbitration and a three-count complaint against the defendant, Allstate Insurance Co. In their complaint, the plaintiffs allege the following. Count one alleges that Gail Tucci was involved in an automobile accident on May 31, 1994, when John Granston, another motorist, struck her car. At the time of the incident, the subject insurance policy issued by the defendant was in full force and effect. Mrs. Tucci received bodily injuries and sustained damages to her car. Mr. Granston's insurance company later paid Gail Tucci a sum of $20,000. The plaintiffs are seeking further damages under the underinsured provisions contained in their policy with Allstate. They seek to compel "arbitration of their claim for damages under the underinsured provisions" of their policy. They further allege that the defendant's refusal to agree to enter arbitration constitutes a breach of contract. Count two alleges bad faith and count three alleges violations of Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiffs attached three exhibits to their complaint. They characterize Exhibit A as a copy of their insurance policy with Allstate, although the court notes that it is a copy of a "payment notice." Exhibit B is uncertified copy of the police CT Page 391-V accident report. Exhibit C is a copy of the aforementioned $20,000 check payable to Mrs. Tucci.
On December 12, 1996, the defendant filed a motion for summary judgment as to one of the plaintiffs, Michael Tucci. In support of its motion, the defendant filed a memorandum of law, a copy of interrogatories signed by Michael Tucci, and an uncertified and unsigned copy of Mr. Tucci's deposition testimony.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and WayProperties v. Colt's Manufacturing Co., 230 Conn. 660, 664,646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffadavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
In its memorandum of law in support of its summary judgment, the defendant argues that there is no genuine issue of material CT Page 391-W fact as to its liability to Mr. Tucci because he fails to state a cause of action. In the complaint, Mr. Tucci does not specify what his damages and losses are, nor does expressly he claim loss of consortium. Based on Mr. Tucci's responses to the interrogatories, the defendant notes that Mr. Tucci was not involved in the accident, did not suffer any injuries and did not claim any expenses or loss of time from work due to the accident. The defendant also argues that mere unhappiness with the way that Allstate has handled his wife's claim does not give Mr. Tucci the right to maintain a separate cause of action.
In opposition, Mr. Tucci contends that he has pled a recognizable cause of action. He argues that when he alleged that he "sustained covered damages and losses" that includes a claim for loss of consortium. (Count one, para. 4). He maintains that such a claim is covered by the insurance policy which he had annexed to his complaint as Exhibit A. He also claims that he was damaged by the defendant's handling of his wife's claim.
Allstate's motion for summary judgment challenges the legal sufficiency of the plaintiffs' complaint. Ordinarily "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book § 384." Burke v. Avitable,32 Conn. App. 765, 772, 630 A.2d 624 (1993), cert. denied, CT Page 391-X228 Conn. 908, 643 A.2d 297 (1993). The Supreme Court, however, stated that [t]he proper way to have tested the legal sufficiency of the complaint . . . after an answer had been filed [is] by motion for summary judgment. . ." Boucher Agency, Inc. v. Zimmer, 160 Conn. 404,409, 279 A.2d 540 (1971). In the present case, the defendant filed an answer on January 24, 1996, prior to filing its motion for summary judgment. Thus, the court will consider the defendant's motion for summary judgment.
The plaintiff alleges in paragraph four of the first count that he "sustained covered damages and losses." He maintains that these damages include a claim for loss of consortium which is covered by the insurance policy annexed to his complaint as Exhibit A. As noted above, the court has determined that Exhibit A is not a copy of the relevant policy, but a copy of a payment notice.
A spouse of a person injured in an accident may recover for loss of consortium under an uninsured motorist policy covering both spouses for any injuries "sustained by an insured." Smith v. AmicaMutual Insurance Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 703270 (October 23, 1992, Aurigemma, J., 7 CSCR 1276); see also Jensen v. AetnaCasualty Surety Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 001190728 (October 13, 1992, Nigro, J., 7 CSCR 1240). The court also notes that under our CT Page 391-Y law one spouse may be held responsible for the unpaid medical bills of another. Gen. Stat. § 46b-37.
In deciding a motion for summary judgment the court is, obliged to accept as true all well pleaded uncontroverted facts.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 110, 639 A.2d 507
(1994). Allstate has not provided any affidavits or other evidence to demonstrate that the insurance policy at issue does not cover Mr. Tucci's claim for damages and losses. Therefore, Allstate has failed to demonstrate that no genuine issue of material fact exists as to its policy coverage and has thus failed to meet its burden with respect to its motion for summary judgment. See Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105. Accordingly, the court denies the defendant's motion for summary judgment.
Flynn, J.