### CHARLES BURKE *v.* LOUIS S. AVITABILE
### (11723)

LAVERY, LANDAU and HEIMAN, Js.

Argued June 10—decision released September 7, 1993

---

*Meryl Anne Spat,* for the appellant-appellee (defendant).

*Charles Burke,* pro se, the appellee-appellant (plaintiff).

LANDAU, J. This is an appeal and cross appeal from the judgment of the trial court, after a default and a hearing in damages in a legal malpractice action. On the appeal, the defendant, Louis S. Avitabile, an attorney, claims that the trial court improperly (1) concluded that the plaintiff's complaint alleged a breach of the duty of care owed by the defendant to his client, (2) concluded that the plaintiff's complaint alleged proximate cause and that the plaintiff would have prevailed in the underlying action but for the negligence of the defendant, (3) denied the defendant's motions for a directed verdict and to set aside the verdict for failure of the plaintiff's complaint to allege breach of duty and proximate cause, and (4) improperly denied the defendant's motion for summary judgment as untimely.

On his cross appeal, the plaintiff, Charles Burke, claims that the trial court improperly refused (1) to admit evidence that judgment against the defendant in this case had entered by default, (2) to instruct the jury that it could consider awarding damages to the plaintiff in the underlying federal case that gave rise to this malpractice action, (3) to instruct the jury that it could consider damages awarded against the plaintiff in a separate case as evidence of the plaintiff's damages in this case, (4) to admit evidence of damages awarded to the Internal Revenue Service in a separate action against the plaintiff as evidence of the plaintiff's

damages in this case, (5) to admit into evidence audio tapes of a conversation between the plaintiff and the defendant, (6) to qualify a witness for the plaintiff as an expert, (7) to submit interrogatories to the jury, and (8) to order a new hearing in damages. We affirm the judgment of the trial court.

The following facts are necessary to this appeal. The plaintiff contacted the defendant and requested that he represent the plaintiff in a 42 U.S.C. § 1983[1] claim that the plaintiff was instituting against the town of East Hartford and certain members of the East Hartford police department. For reasons unrelated to the issues on appeal, the defendant failed to file the complaint in the United States District Court prior to the expiration of the statute of limitations and a motion to dismiss that action was granted by a federal judge. On July 17, 1989, the plaintiff filed a complaint against the defendant for legal malpractice. On September 1, 1989, the defendant filed a pro se appearance and a request to revise. The plaintiff filed an objection to the request to revise. The trial court sustained the objection on the basis that the request to revise was not timely filed pursuant to Practice Book § 114.[2] On Octo-

[1] Title 42, § 1983 of the United States Code provides a federal civil rights remedy to individuals who have been deprived of their constitutional rights by an official's abuse of process. *Monroe* v. *Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961). That section provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

[2] Practice Book § 114 provides in pertinent part: "Commencing on the return day of the writ, summons and complaint in civil actions pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required  . . . ."

ber 16, 1989, the defendant filed a motion to strike the specific prayer for relief, which was granted on November 14, 1989. On April 16, 1990, the plaintiff filed an amended complaint and, on May 24, 1990, the defendant filed his answer to the amended complaint. On June 8, 1992, the plaintiff's motion for judgment of default was granted by the trial court and a hearing in damages was ordered.[3]

On June 18, 1992, the defendant filed a "Notice As To Hearing In Damages," a "Motion for Continuance Re Summary Judgment," and a "Memorandum Re Motion for Summary Judgment." The trial court denied the motion for summary judgment on June 22, 1992.[4] After the hearing in damages before the jury, the jury awarded the plaintiff nominal damages in the amount of $1. This appeal ensued.

The defendant's first three claims on appeal are essentially the same and are treated as a single claim. The gravamen of those claims is that the plaintiff's complaint was insufficient in that it failed to allege properly a breach of duty, proximate cause, and that the plaintiff failed to allege that he would have prevailed on the underlying action that gave rise to this action for attorney malpractice. The defendant's claims are without merit.

---

[3] The motion for default was filed pursuant to Practice Book § 268 and was granted for failure of the defendant to comply with court ordered discovery. The trial court's order on the motion for default and the judgment on default entered concurrently. While the defendant objected on substantive grounds, he did not object to the entry of judgment. This situation is not covered by Practice Book § 364, which, in certain instances, authorizes judgment to enter concurrently with the granting of a motion for default. While we do not approve of the procedure in this case, the defendant did not object to the entry of judgment and proceeded directly to a hearing in damages. Therefore, he has waived any right he may have had to challenge this procedural irregularity.

[4] While this motion was not an appropriate motion for summary judgment, the trial court treated it as such and we defer to the trial court's decision to do so.

We note at the outset that the defendant did not challenge the legal sufficiency of the complaint through a motion to strike.[5] A challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint. See Practice Book §§ 112 and 113. Our Supreme Court, however, has held that " '[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise.' *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 461, 152 A.2d 312 [1959]. Thus, failure by the defendants to [move to strike] any portion of the amended complaint does not prevent them from claiming that the [plaintiff] had no cause of action and that a judgment in their favor was not warranted. *Brill* v. *Ulrey,* 159 Conn. 371, 374, 269 A.2d 262 (1970)." *Robert S. Weiss & Associates, Inc.* v. *Wiederlight,* 208 Conn. 525, 535 n.5, 546 A.2d 216 (1988).[6]

In the motion for summary judgment, the defendant challenged the legal sufficiency of the complaint. This motion was filed after judgment on default had entered but before the hearing in damages. The trial court reserved decision on the motion for summary judgment. After the hearing in damages, the jury returned a verdict for the plaintiff and awarded him nominal damages. Thereafter, the defendant filed a motion to set aside the verdict and a motion in arrest of judgment and to set aside the verdict. The defendant also renewed his motion for summary judgment.

---

[5] While the defendant did file a motion to strike, it was directed only to the plaintiff's specific prayer for relief.

[6] See also *Tedesco* v. *Stamford,* 215 Conn. 450, 458–59, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992) (failure to raise a pleading defect before trial cannot be basis for setting aside verdict unless it has materially prejudiced the defendant); *Johnson* v. *Ivimey,* 3 Conn. App. 392, 394, 488 A.2d 1275, cert. denied, 196 Conn. 811, 495 A.2d 279 (1985).

The court, after a hearing, denied these motions, stating that "if the defendant was in doubt as to the nature of the claim or the legal theory underlying it, he could have sought a more particular description of the negligence charged by filing a request to revise. I would indicate that in this case, there was no—my recollection is that such a request to revise was never made, and that there was also no motion to strike, which would ordinarily be the case, and the deficiency in the pleading was not raised until after [the defendant] had been defaulted and filed his notices of defenses. Accordingly, the court finds that the defendant has waived his right concerning sufficiency of the pleading . . . and the motion is denied."[7]

The trial court also concluded, however, when directly addressing the sufficiency of the plaintiff's complaint, that "[t]he complaint explains the specific actions or failure to act on the part of [the defendant]. . . . In terms of the facts that are alleged, there's little doubt that—particularly since the defendant is an attorney and is named as an attorney—there isn't any doubt that he is trying to allege a cause of action for professional negligence."

Where the legal conclusions of the trial court are challenged, on appeal those conclusions are subject only to the test of abuse of discretion. *State* v. *Arbour,* 29 Conn. App. 744, 748, 618 A.2d 60 (1992). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely

---

[7] The court also denied the motions to set aside the verdict and in arrest of judgment and the motion for summary judgment.

means that the ruling appears to have been made on untenable grounds." (Citations omitted; internal quotation marks omitted.) Id. "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985).

Our independent review of the record indicates that, while inartfully drawn, the plaintiff's complaint sufficiently states a cause of action against the defendant for professional negligence.[8] While the trial court also found that the defendant waived his right to challenge the legal sufficiency of the complaint by failing to file a motion to strike, it also concluded that the complaint was sufficient to state a cause of action. Thus, we conclude that the trial court did not abuse its discretion by denying the defendant's various motions challenging the sufficiency of the plaintiff's complaint.

The defendant's final claim is that the trial court improperly denied his motion for summary judgment as untimely. The defendant argues that there were no genuine issues of material fact that would preclude the granting of a motion for summary judgment and that the motion should have been granted because the com-

---

[8] The plaintiff's complaint also alleged "malpractice, malfeasance, misfeasance and nonfeasance as well as negligence." See *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School,* 202 Conn. 206, 220, 520 A.2d 217 (1987). In that case, our Supreme Court held that "[a]lthough the complaint could have alleged the nature of the defendants' negligence more precisely, the lack of linguistic specificity does not warrant striking [the complaint]. . . . [A] party may plead legal effect as long as the pleading 'fairly [apprises] the adverse party of the state of facts which it is intended to prove.' " Id.

plaint fails to state a cause of action. We disagree. While the defendant argues that the court denied this motion as untimely, the record indicates that, although the trial court considered this motion as a dilatory tactic by the defendant, it concluded that the complaint sufficiently stated a cause of action for professional negligence. The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book § 384.[9] Thus, the defendant's final claim fails.

On the cross appeal, the plaintiff makes numerous claims of improper rulings by the trial court. The plaintiff, however, has failed to brief these issues adequately. The plaintiff's brief does not cite a single case as authority for his propositions and is wholly devoid of analysis. Rather, it merely restates the arguments he is making on appeal, usually, in only one sentence.

"[N]othing more than [a] bare statement, without citation to legal authority, appears in his brief. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. *Cheney* v. *Strasburger,* 168 Conn. 135, 142, 357 A.2d 905 (1975); Maltbie, Conn. App. Proc. § 327; see *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 475, 423 A.2d 141 (1979). This also applies to constitutional claims. *Mazur* v. *Blum,* 184 Conn. 116, 120, 441 A.2d 65 (1981); *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 108–109,

---

[9] Cf. *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 408–409, 279 A.2d 540 (1971), which seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing *Boucher,* the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous.

291 A.2d 721 (1971)." *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 148–49, 448 A.2d 829 (1982).[10]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] "The pro se plaintiff obviously has an imperfect understanding of the legal issues presented by this matter. We can say, however, without hesitation, that, as far as it appears upon this record, we can discern no cognizable . . . issue . . . ." *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 149 n.7, 448 A.2d 829 (1982). We also appreciate that the plaintiff was attempting to make his claims as "short, clear and to the point as possible." Nevertheless, in the absence of any analysis or legal authority, we will not address these claims. Id., 149.