[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Pinto Lavado Enterprises (hereinafter "Pinto Lavado") filed a two-count amended revised complaint on September 24, 1992, naming Allstate Cleaning, Inc. (hereinafter "Allstate") and Environmental Services Group (hereinafter "EGS") as defendants. In its complaint, the plaintiff alleges that the defendants engaged in unfair or deceptive trade practices in violation of General Statutes § 42a-110 et. seq., the Connecticut Unfair Trade Practices Act (CUTPA), in that they employ illegal aliens which provides them with an unfair business advantage over the plaintiff. CT Page 13-A
Count one is against EGS and count two is against Allstate. Thereafter, EGS filed an answer and two-count counterclaim on October 23, 1992. In the first count of its counterclaim, EGS alleges that Pinto Lavado's claim against it was filed with purposeful intent to interfere with its business in: violation of CUTPA. EGS alleges vexatious suit in the second count of the counterclaim.
On June 8, 1993, Pinto Lavado filed an answer to EGS's counterclaims. On September 13, 1993, Pinto Lavado filed a motion for summary judgment and an accompanying memorandum of law seeking judgment on the first count of EGS's counterclaim on the ground that EGS has alleged insufficient facts to support a CUTPA claim. EGS filed a memorandum in opposition to Pinto Lavado's motion for summary judgment on October 4, 1993.
A moving party is entitled to summary judgment if he proves the nonexistence of material facts and that he is entitled to judgment as a matter of law. Practice Book § 384. "The purpose of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of factual issues. Practice Book § 384." Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993). The Burke court notedBoucher Agency, Inc. v. Zimmer, 160 Conn. 404, 408-09, 279 A.2d CT Page 13-B 540 (1971), in which the Supreme Court stated that the legal sufficiency of a pleading may be challenged by summary judgment after the pleadings are closing, and stated
 [Boucher] . . . seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous.
Burke v. Avitabile, supra, 772, n. 9.
In the instant case, Pinto Lavado moves for summary judgment on the ground that the first count of EGS's counterclaim is legally insufficient. Pinto Lavado does not address the nonexistence of any genuine issue of material fact nor does it file any affidavits or documents in support of its motion.
The court elects to follow Burke v. Avitabile, supra. Practice Book § 152 provides that a motion to strike is the proper vehicle by which to challenge the legal sufficiency of a pleading. As the purpose of the motion for summary judgment is to test for the presence of factual issues, Pinto Lavado's motion CT Page 13-C for summary judgment on the first count of the EGS's counterclaim is denied.
Austin, J.