[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a motor vehicle accident in which the plaintiff, Artis Latham, Jr., claims that he was injured as the result of the negligent operation of a bus driven by defendant Angel Rosario and owned by his employer, the defendant Laidlaw Transit, Inc. The complaint is in two counts. In the first count, the plaintiff alleges that when he was driving his automobile on Dock Street in Stamford, Rosario drove his bus into the rear of plaintiff's vehicle. Plaintiff further alleges that after the initial collision, the defendant struck the rear of plaintiff's vehicle a second time. The plaintiff alleges that the accident was the result of both various common law acts of negligence as well as the violation of certain motor vehicle statutes, including General Statutes 14-218a, which prohibits driving at an unreasonable rate of speed. The second count incorporates the allegations of the first count and adds that the defendant Rosario operated the bus deliberately and recklessly in violation of General Statutes 14-218a, which violation was "a substantial factor" in causing the collision and resultant injuries to the plaintiff. Plaintiff seeks double/treble damages which are authorized "if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a . . . and that such violation was a substantial factor in causing such injury . . . ."
The defendants have now filed a motion for summary judgment (#117) regarding the second count claiming reckless misconduct on the ground that this count is legally insufficient because it CT Page 3636 fails to allege sufficient facts to constitute recklessness. The court agrees with the defendants that the second count lacks the required specificity that Rosario's conduct was wanton, deliberate or reckless. "[W]e reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80,14 A.2d 713: [T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal citations and quotation marks omitted). Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, ___ A.2d ___ (1994). "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 162, 170, 544 A.2d 1185 (1988). The defendants' motion for summary judgment cannot be granted in this case, as the Appellate Court recently stated that: "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book 384." Burke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993). Thus, the defendants' attempt to use summary judgment solely to attack the legal sufficiency of a cause of action is not proper. The defendants do not claim that there are no genuine issues of material fact or that they are entitled to judgment as a matter of law, but rather that the complaint "fails to allege sufficient facts to constitute a cause of action sounding in reckless misconduct." One is deemed to have waived the right to challenge the legal sufficiency of the complaint by failing to file a motion to strike. Burke v. Avitabile, supra, 771. As indicated above, a motion to strike the second-count might well have been granted, but the motion for summary judgment must be denied for the reason stated. CT Page 3637
So Ordered.
Dated at Stamford, Connecticut, this 13th day of April, 1994.
William B. Lewis, Judge