[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARYJUDGMENT
This is an action brought pursuant to the provisions of General Statutes § 4-197 by the plaintiff Mashantucket Pequot Tribe (the "Tribe") and twenty-four individual plaintiffs against the defendants, State of Connecticut Department of Revenue Services, Division of Special Revenue (the "Department"), and United Food and Commercial Workers International Union, AFL-CIO Local 371 ("Local 371"), and Hotel and Restaurant Employees and Bartenders Union, AFL-CIO Local 217 ("Local 217"), (collectively the "Unions").
In the first count of their amended complaint, the CT Page 8328 plaintiffs seek money damages and an injunction for the Department's release of personal data to third parties in violation of the provisions of General Statutes § 4-193. Both General Statutes §§ 4-197 and 4-193 are part of the Personal Data Act. In the second count of their amended complaint, the plaintiffs seek money damages and an injunction enjoining the Unions' use of this personal data.
The defendant Unions have filed motions for summary judgment as to the second count of the complaint and against the plaintiff Tribe.
The individual plaintiffs (the "employees") are employees of Foxwoods High Stakes Bingo and Casino (the "Casino"), which is a gaming enterprise run by the Tribe. The plaintiffs allege that, pursuant to an agreement between the Tribe and the Department, the employees submitted information to the Department for the purpose of being licensed to be employed at the Casino. Based upon an undisputed affidavit, the information consisted of the name, address and job classification of each employee. The plaintiffs allege that the Department, in violation of General Statutes § 4-193 and without permission or notice of any kind, disclosed such information to the Unions. The plaintiffs further allege that the Unions, making use of such information, invaded the privacy of the employees by contacting the employees by correspondence, telephone and, in some cases, by personally approaching them at home.
In order to obtain summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364 (1990); Practice Book § 384. The party seeking summary judgment has the burden of showing the nonexistence of any material fact.Connell v. Colwell, 214 Conn. 242, 246 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Scinto v. Stamm, 224 Conn. 524, 530 (1993).
The Unions argue that summary judgment should be granted as to the second count of the complaint because the conduct of the Unions does not amount to an invasion of privacy of any of the plaintiffs. CT Page 8329
In Goodrich v. Waterbury-Republican American, Inc.,188 Conn. 107, 128 (1982), the Connecticut Supreme Court stated:
 The four categories of invasion of privacy are set forth in the 3 Restatement (Second), Torts § 652A as follows: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; and (d) publicity that unreasonably places another in a false light before the public.
The plaintiffs' allegations sound in the category of unreasonable intrusion upon the seclusion of another. In order to establish a claim for unreasonable intrusion upon seclusion of another, the plaintiffs must prove an intentional physical intrusion by the Unions upon the private affairs or concerns of the plaintiffs which would be highly offensive to a reasonable person. Rafferty v. Hartford Courant Co.,36 Conn. Sup. 239, 240-41 (Super.Ct. 1980). Whether such intrusion would be highly offensive to a reasonable person is a question of fact for the jury to decide. Id., 241.
Thus, because a factual issue exists as to whether the Unions' conduct would be highly offensive to a reasonable person, the Unions' motions for summary judgment as to the second count of the complaint on the grounds that their conduct does not amount to an invasion of privacy of the plaintiffs must be denied.
The Unions further argue that summary judgment should be granted on the second count of the complaint because Section4-193 does not permit an independent action against the Unions. The second count of the complaint, however, is not brought pursuant to General Statutes § 4-193, but rather sounds in the common law tort of invasion of privacy. Therefore, the Unions' motions for summary judgment on the second count of the complaint on this ground must be denied.
The Unions also make several constitutional arguments in support of their claim that summary judgment should be granted on the second count of the complaint. The Unions argue that the tort of invasion of privacy, if applied to the Unions' conduct, is unconstitutionally vague, constitutes a prior restraint upon protected activity and is not narrowly tailored CT Page 8330 to minimize the impact on First Amendment rights. Because a factual issue exists as to whether the Unions' conduct constitutes the tort of invasion of privacy, the court need not address the Unions' arguments challenging the constitutionality of the tort itself. Thus, the Unions' motions for summary judgment on the second count of the complaint on these grounds must be denied.
Local 371 argues that summary judgment should be granted on the second count of the complaint because the Personal Data Act does not prohibit the disclosure of such information as was disclosed in the present case. The second count of the complaint, however, sounds in the tort of invasion of privacy. Whether the disclosure of such information violates the Personal Data Act is, for the purpose of the second count, not dispositive of whether the Unions invaded the plaintiffs' privacy. Thus, Local 371's motion for summary judgment on the second count of the complaint on this ground must be denied.
The Unions further argue that summary judgment should be granted against the prayer for injunctive relief because the plaintiffs have failed to allege in their complaint facts sufficient to invoke the Connecticut Anti-Injunction Act, General Statutes § 31-112 et seq. (the "Act"). The Unions argue that this failure leaves the court without jurisdiction to issue an injunction pursuant to the Act. This argument is based upon legal insufficiency and must be reserved for a motion to strike. See Burke v. Avitabile, 32 Conn. App. 765,772 (1993). Therefore, the Unions' motions for summary judgment against the prayer for injunctive relief must be denied.
The Unions argue that summary judgment should be granted against the Tribe because the plaintiffs have not demonstrated that the Tribe has suffered any injury as a result of the defendants' conduct. Consequently, the Unions argue that they are entitled to judgment as a matter of law with respect to the Tribe. In response to the Unions' argument, the plaintiffs have produced no evidence to demonstrate that the Tribe has indeed been injured as a result of the defendants' conduct. Because the pleadings demonstrate neither that the Unions invaded the Tribe's privacy nor that the Tribe has suffered any injury as a result of the Unions' conduct, the Unions' motions for summary judgment against the Tribe must be granted as to count two of the complaint. CT Page 8331
For the reasons stated above, the Unions' motions for summary judgment as to the second count of the plaintiffs' amended complaint are granted as to the Tribe and denied as to the employees.
Hendel, J.