[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENTAN TO DISMISS
By complaint filed November 2, 1993, the plaintiff, International Inns, Inc. commenced this action against the defendants, Thure Oja and Irja Oja, seeking damages in connection with the sale, of property located at 256 Flanders Road, East Lyme, Connecticut (the "property"). The plaintiff alleges that the property is polluted by petroleum as a result of an oil spill or leak. The plaintiff further alleges that the defendants were aware of the pollution, had a duty to disclose the pollution, and failed to do so. Count one of the plaintiff's complaint sounds in misrepresentation. In count two, the plaintiff alleges that the defendants breached an implied covenant of good faith and fair dealing. In count three, the plaintiff alleges that the defendants' actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b(a). CT Page 9006
The defendants have filed a motion for summary judgment as to counts one and two of the plaintiff's complaint and a motion to dismiss the third count of the plaintiff's complaint. The defendants have filed a memorandum of law in support of both motions. The defendants have also filed two supplemental memoranda of law in support of the motion for summary judgment and the motion to dismiss. Because there has been no objection to the defendants' unusual method of pleading and the parties have treated the motions as appropriate, the court will address both the motion for summary judgment and the motion to dismiss as the parties have done.
Motion for Summary Judgment
In order to obtain summary judgment, the moving party must show that there exists no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364,567 A.2d 1212 (1990), Practice Book § 384. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781595 A.2d 334 (1991).
Count One
Count one of the plaintiff's complaint sounds in fraudulent misrepresentation. The defendants argue that because the applicable statute of limitations applicable bars count one, the defendants are entitled to judgment as a matter of law.
"Claims based upon fraudulent misrepresentation are governed by the three year statute of limitations of General Statutes § 52-577."[1] Day v. General Electric CreditCorporation, 15 Conn. App. 677, 683, 546 A.2d 315, cert. denied, 209 Conn. 819, 819-20, 551 A.2d 755 (1988). Count one of the plaintiff's complaint is governed by the statute of limitations set forth in General Statutes § 52-577. CT Page 9007
"Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,790, 631 A.2d 340 (1993). The plaintiff alleges that the defendants failed to disclose the existence of petroleum pollution on the property purchased by the plaintiff from the defendants on May 8, 1988. "An action is commenced on the date of service of the writ upon defendant." (Citations omitted.) McGaffin v. Roberts, 193 Conn. 393, 401 n. 9,476 A.2d 1057 (1984), cert. denied, 470 U.S. 1050 (1985). The plaintiff commenced this action by service of process on November 2, 1993.
The plaintiff has neither claimed nor presented any evidence indicating that the statute of limitations was tolled. Because the plaintiff failed to commence the present action within the three year limitation period set forth in General Statutes § 52-577, count one is time barred and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment as to count one is granted.
Count Two
The plaintiff alleges in count two of its complaint that the defendants breached an implied duty and covenant of good faith and fair dealing. The defendants seek summary judgment as to count two of the plaintiff's complaint on the ground that: (1) the statute of limitations of General Statutes §52-577 has run; and (2) the plaintiff failed to allege that the defendants were aware of the alleged pollution. The defendants' second argument is based upon legal insufficiency and must, therefore, be reserved for a motion to strike. SeeBurke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624
(1993).
The defendants argue that the plaintiff has failed to state a claim in contract for the breach of the covenant of good faith and fair dealing. They argue that count two of the plaintiff's complaint sounds in tort and is thus governed by the three year statute of limitations set forth in General Statutes § 52-577. The plaintiff argues that count two of its complaint sounds in contract and is thus governed by the six CT Page 9008 year statute of limitations set forth in General Statutes § 52-576(a).[2]
The plaintiff alleges that "[t]he contract for the sale of property from the defendants to the plaintiff carried an implied duty and covenant of fair dealing and in violation of said contract, the defendants failed to disclose the existence of petroleum pollution or risk thereof in breach of said contract."
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238,618 A.2d 501 (1992). Although a breach of the implied covenant of good faith and fair dealing usually gives rise to a cause of action in contract, at least one court has imposed liability in tort for a breach of an implied covenant. See, e.g., GrandSheet Metal Products Co. v. Protection Mut. Ins. Co.,34 Conn. Sup. 46, 51-52, 375 A.2d 428 (Conn.Super. 1977). In GrandSheet Metal, liability in tort was imposed for a breach of the implied covenant of good faith and fair dealing based on an insurer's unreasonable and bad faith failure to compensate an insured for a loss covered by the insurance policy. Id., 51. Courts, however, have not generally imposed liability in tort for a breach of the implied covenant of good faith and fair dealing for the type of conduct alleged in count two of the plaintiff's complaint. See Id. Thus, count two of the plaintiff's complaint sounds in contract and is governed by the six year statute of limitations of General Statutes § 52-576(a).
In a breach of contract action, the cause of action accrues when the breach occurs. Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 156, 464 A.2d 18 (1983). In the present case, the plaintiff alleges that the breach occurred when the defendants failed to disclose the existence of petroleum pollution on the property purchased by the plaintiff from the defendants on May 8, 1988. The plaintiff commenced this action by service of process on November 2, 1993. Therefore, count two of the plaintiff's complaint was commenced within the six year limitation period as set forth in General Statutes § 52-276 and thus the defendants' motion for summary judgment as to count two is denied. CT Page 9009
Motion to Dismiss
A motion to dismiss is the proper vehicle to challenge the court's lack of jurisdiction over the subject matter.Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). The three year limitations period for a CUTPA claim is a substantive rather than procedural limitation and, therefore, may be raised on a motion to dismiss for lack of subject matter jurisdiction. Pagnetti v.Curtis, 8 Conn. L. Rptr. 106, 108 (December 21, 1992, Walsh, J.)
Count Three
The plaintiff alleges in count three of its complaint that the defendants' actions constitute a violation of CUTPA. The defendants seek to dismiss count three on the ground that the applicable statute of limitations bars the plaintiff's CUTPA claim.
General Statutes § 42-110g(f) provides as follows: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." In Fichera v. Mine Hill Corp., 207 Conn. 204, 209,541 A.2d 472 (1988), the court held that in order for a "continuing course of conduct" to toll the statute of limitations there must be evidence of the breach of duty that remained in existence after the commission of the original wrong related thereto. The plaintiff has not alleged a duty which would establish a "continuing course of conduct" and thus toll the three year statute of limitations. See Id. Because the plaintiff commenced the present action more than three years after the defendants' alleged misrepresentation occurred, count three of the plaintiff's complaint is time barred. SeePaganetti v. Curtis, supra. Accordingly, the defendants' motion to dismiss count three of the plaintiff's complaint is granted.
Leuba, J.