[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On December 22, 1992, plaintiffs Toddnie Cherry and Elinor Cherry filed a twenty count complaint against defendants William McDonald and the State of Connecticut. On March 19, 1993 Karin Marocchini, also a plaintiff, filed a ten count complaint against the same defendants.
On April 20, 1994, the defendant, State of Connecticut, filed a motion for summary judgment pertaining to counts 17, 18, 19 and 20 of plaintiff Toddnie and Elinor Cherry's complaint and counts nine and ten of plaintiff's Marocchini's complaint. For purposes of this motion, the only relevant counts of the complaint against the State are those mentioned above.
Plaintiffs Toddnie and Elinor Cherry in count one of CT Page 6723 their complaint and plaintiff Marocchini in count one of her complaint allege the following. Plaintiffs, Toddnie Cherry and Marocchini, were police officers in the Central Connecticut State University Police Department since August 1985, holding the rank of Sergeant since March of 1986. The defendant, William McDonald, was the Chief of Police of the Central Connecticut State University Police Department. During or about the end of April or the beginning of May of 1990, defendant McDonald stated during a telephone conversation with Kathy Flanagan, President of the Protective Services Employees Coalition, that he had two witnesses that the plaintiff, Toddnie Cherry, was "carrying on" in the back seat of a police cruiser with a co-officer, Karin Marocchini.
On May 24, 1990 defendant McDonald asked Henry Starkel, Director of Public Safety at Eastern Connecticut State University and Lieutenant Ann Velazeo, to investigate an anonymous letter mailed to the spouse of the plaintiff, Toddnie Cherry, in March of 1990, in which it was alleged that Toddnie Cherry and Karin Marocchini were sleeping together for more than two years. The investigation established that the letter referred to above had been typed on a typewriter located immediately outside of the office of defendant McDonald. During the investigation, defendant McDonald stated to the investigators that since January of 1990, he had two to three people complain to him about the conduct of Marocchini and Toddnie Cherry including their holding hands and other "touchy, feely, grabby, googly-eye behavior." Defendant McDonald refused to disclose the names of the individuals who had made these statements.
On April 2, 1990, defendant McDonald told Lieutenant Ernie Lewis, President of Local 74, that he had witnesses that plaintiff Toddnie Cherry was having an affair with Marocchini while on duty. On May 4, 1990, defendant McDonald told Dr. Steven Mitchell, Vice President, Dean of Administration of Central Connecticut State University, words to the effect that plaintiffs Toddnie Cherry and Karin Marocchini were having a "sexual relationship."
On November 19, 1990, defendant McDonald stated in the presence of officers Ronald Odell, Joseph Wilchinski, William Smith, and Peter Eshoo, that Marocchini, ". . . thinks on her knees blowing people." CT Page 6724
Plaintiff Toddnie Cherry was at all times and still is happily married. Plaintiffs allege that the statements made by defendant McDonald were slander per se since they accused the plaintiff, Toddnie Cherry, of adultery and criminal conduct. Furthermore, the statements made by the defendant damaged the plaintiff's reputation, and exposed him to ridicule, shame and embarrassment among his peers.
Plaintiffs Toddnie Cherry and Elinor Cherry in count seventeen and plaintiff Marocchini in count nine allege the following. Defendant McDonald was an employee of the defendant, the State of Connecticut. Toddnie Cherry and Marocchini submitted a timely claim to the Office of Claims Commissioner and received authorization on August 26, 1992 by an order dated August 6, 1992 to sue the State of Connecticut. The plaintiffs allege that the State of Connecticut is liable, under the doctrine of respondeat superior, for the negligent conduct of its employees committed in the course of their employment. The statements referred to above were made negligently and carelessly without any reasonable basis. Defendant McDonald should have realized that his statements involved an unreasonable risk of causing emotional distress to the plaintiffs and that such distress, if it were caused might result in illness or bodily harm.
In counts nineteen and twenty plaintiffs Toddnie and Elinor Cherry allege the following. Elinor Cherry submitted a timely claim to the Office of the Claims Commissioner to sue the defendant, State of Connecticut, and authorization to sue was granted by order, dated August 6, 1992, and received on August 26, 1992 by the plaintiffs. As a result of the statements made by defendant McDonald, Elinor Cherry suffered a loss of consortium and the joy and comfort of her relationship with her husband, and has further suffered severe and continuing emotional and mental distress, shame and embarrassment.
On April 20, 1994, the defendant, the State of Connecticut filed two motions for summary judgment. One motion is addressed to counts seventeen, eighteen, nineteen and twenty of plaintiffs Toddnie and Elinor Cherry's complaint. The State of Connecticut claims that summary judgment is appropriate because the plaintiffs' claims against the State are barred by General Statutes § 31-284(a). The second motion is addressed to counts nine and ten of plaintiff CT Page 6725 Marocchini's complaint and the State claims that summary judgment should be granted since the plaintiff's claims are barred by General Statutes § 31-284(a).
"The [purpose] of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues" Bark v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993). Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Waterand Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994).
The defendant State of Connecticut, argues that Toddnie Cherry's action against the State is barred by General Statutes § 31-284(a) because an employer is immune from common law tort liability and therefore, Toddnie Cherry's exclusive remedy exists under the Workers' Compensation Act. The defendant argues that plaintiff Cherry's claim does not fall within any of the recognized exceptions to the exclusivity provisions. The defendant further argues that plaintiff Toddnie Cherry cannot have it both ways by alleging that the State is liable to him under the doctrine of respondeat superior and also assert that his injuries did not arise within the scope of his employment.
In opposition, plaintiff Toddnie Cherry argues that his injuries do not fall within the exclusivity provision of the Workers' Compensation Act and, therefore, plaintiff Toddnie Cherry's action against the State is not barred. Plaintiff Toddnie Cherry argues that the injuries sustained did not occur while the plaintiff was in the course of his employment. However, the plaintiff argues, even if the injuries did occur during the course of his employment, the harm alleged does not fall within the Workers' Compensation Act.
Whether plaintiff Toddnie Cherry was injured during the course of his employment is a genuine issue of material fact. Therefore, the defendant State of Connecticut's motion for summary judgment as to plaintiff Toddnie Cherry's claims is denied.
Additionally, the defendant argues that plaintiff Elinor CT Page 6726 Cherry's claim for loss of consortium is barred by General Statutes § 31-284(a). The defendant argues that if Toddnie Cherry cannot prevail against the defendant then Elinor Cherry has no cause of action for loss of consortium against the State. The defendant argues that because Toddnie Cherry's cause of action against the State is barred by General Statutes § 31-284(a), Elinor Cherry's claim is also barred.
Whether plaintiff Toddnie Cherry's cause of action against the State is barred by the Workers' Compensation Act is a genuine issue of material fact. Whether Toddnie Cherry's injury occurred during the course of his employment is a contested issue of fact. Accordingly, whether Elinor Cherry's claim is also barred by General Statutes § 31-284(a) is also a question of fact. Therefore, the defendant's motion for summary judgment as to Elinor Cherry's claims is denied.
Finally, the defendant argues that plaintiff Marocchini's action against the State is barred by General Statutes § 31-284(a) because an employer is immune from common law tort liability and, therefore, Marocchini's exclusive remedy exists under the Workers' Compensation Act. The defendant argues that plaintiff Marocchini's claim does not fall within any of the recognized exceptions to the exclusivity provisions. The defendant further argues that plaintiff Marocchini cannot have it both ways by alleging that the State is liable to her under the doctrine of respondeat superior and also assert that her injuries did not arise within the scope of her employment.
In opposition, plaintiff Marocchini argues that her injuries do not fall within the exclusivity provision of the Workers' Compensation Act and, therefore, her action against the State is not barred. Marocchini argues that the injuries sustained did not occur while she was in the course of her employment. However, plaintiff Marocchini argues, even if the injuries did occur during the course of her employment, the harm alleged does not fall within the Workers' Compensation Act.
Whether plaintiff Marocchini was injured during the course of employment is a genuine issue of material fact. Therefore, the defendant State of Connecticut's motion for summary judgment as to her claims is denied.
Mary R. Hennessey, Judge CT Page 6727