[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On April 10, 1995, the plaintiff, Konover and Associates, filed a two count complaint against the defendant, Donald Stedman. The first count of the complaint sounds in statutory vexatious litigation and is brought pursuant to General Statutes § 52-568. In the first count, the plaintiff alleges that the CT Page 6264 defendant, a former employee of the plaintiff, brought a wrongful termination suit against the plaintiff. The plaintiff further alleges that the defendant acted maliciously in bringing the lawsuit because the defendant's allegations against the plaintiff were without probable cause, were without basis in fact or law and were patently false. The plaintiff alleges that the lawsuit terminated in its favor when the court, Goldberg, J., granted the plaintiff's motion for summary judgment on July 13, 1994. As a result of the action brought by the defendant, the plaintiff seeks to recover the legal fees that it was required to incur to defend the alleged vexatious lawsuit.
In count two the plaintiff alleges common law vexatious litigation for the defendant's filing of the original action as it pertained to K A.
On May 1, 1995, the defendant filed a motion for summary judgment along with a memorandum of law in support of his motion. Additionally, on May 15, 1995, the plaintiff filed an objection to the defendant's motion for summary judgment.
"The [purpose] of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Bark v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993). Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Water and Way Properties v. ColtMfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "me test is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116
(1990).
The defendant argues that summary judgment should be entered in his favor. The defendant further argues that in order to prevail in a vexatious litigation suit, a party must allege and prove that the lawsuit at issue was initiated maliciously and without probable cause and was terminated in the plaintiff's favor. The defendant argues that the standard to be used by the court in determining probable cause is lower than the burden necessary to succeed on the merits. The defendant argues that a party need not establish that he or she will prevail on the merits in order to establish probable cause. Finally, the defendant argues that he had probable cause to bring his suit CT Page 6265 against Konover Construction Company ("KCC") and Konover 
Associates ("K A") because: (1) It was unclear whether Konover Construction Company or Konover Associates made the final administrative decision to terminate the defendant, (2) Michael Konover ("Konover"), who seems to be in charge of major decisions, is in charge of both KCC and K A, (3) Konover directs both KCC and K A, (4) Konover is the major stockholder in both KCC and K A, (5) Judith Rosenthal, who possessed the power to terminate KCC employees, was herself employed by K A, (6) Stedman's hiring letter was on K A stationary, (7) Stedman's insurance forms were on K A stationary, and (8) in documents prepared by the defendant in response to the CHRO complaint, there was no attempt made to distinguish or to indicate that K A was not involved in this matter in any way.
In response, the plaintiff argues that there are genuine issues of material fact, and therefore, the defendant's motion for summary judgment should be denied. The plaintiff argues that the defendant was never an employee of Konover Associates and was not terminated by an employee of Konover Associates. Additionally, the plaintiff argues that the defendant was paid only by KCC, performed no employee functions for Konover 
Associates and his wage and tax statements identified KCC as his employer. The plaintiff further argues that Michael Konover was not involved in, nor consulted about, the decision to terminate the defendant. The plaintiff argues that whether the lawsuit was vexatious requires a determination of intent and is, therefore, a question of fact. Accordingly, the plaintiff argues that the defendant's motion for summary judgment should be denied.
General Statutes § 52-568 states that:
 [a]ny person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages.
In Blake v. Ley, 191 Conn. 257, 263, 464 A.2d 52 (1983), the court stated that "a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated CT Page 6266 maliciously, without probable cause, and terminated in the plaintiff's favor. "Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Rutenberg v. Rosenblit, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket NO. CV88 0353700, (March 14, 1994, Hennessey, J.). "The question of whether the defendant maliciously initiated the previous lawsuit is a question of fact for the jury." Crafts v. Rodgers, Superior Court, judicial district of Tolland at Rockville, Docket No. CV91 47105S, (May 18, 1993, Shaughnessy, J.).
The defendant has stated that he brought a lawsuit against both KCC and K C for age discrimination because it was unclear who actually had control over and made administrative decisions pertaining to Stedman. Viewing the evidence in a light most favorably to the non-movant, there is a genuine issue of material fact as to whether the defendant had probable cause to bring the original lawsuit and whether the defendant acted with malicious intent. Accordingly, the defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge