[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR SUMMARY JUDGMENT #162
On January 30, 1995 the third-party plaintiffs, Vincent Stellato and Greg Raleigh d/b/a Protech Sealers (Raleigh), filed an amended third-party complaint against the third party defendant Copeland Coating Company (Copeland) for indemnification in a negligence suit involving a slip and fall on a slippery driveway surface. The complaint alleges that Copeland proximately caused the injuries when it supplied and manufactured a material "which had the tendency to be slippery when they knew or should have known the nature of the material." (Third-Party Complaint, ¶ 4) Copeland filed a motion for summary judgment on August 18, 1995 with a memorandum of law, affidavits, deposition excerpts and a report of a disclosed expert, Jack A. Halprin Associates, Inc. The third party plaintiffs filed an objection to the motion on September 28, 1995 with a memorandum of law, CT Page 101 deposition excerpts[1], affidavits and a report of Jack A. Halprin Associates, Inc. The third-party plaintiffs also filed a request for leave to amend on September 22, 1995, to which the defendants objected on September 29, 1995, and which is currently pending.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital, 232 Conn. 242,250, 654 A.2d 748 (1995).
Copeland first argues that allegations in the third-party complaint are insufficient to state a cause of action in indemnification. "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993). The court also noted that Boucher Agency, Inc. v. Zimmer"seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact that it was decided in 1971 leads us to conclude that it is anomalous." Id., 772 n. 9, referring to Boucher Agency. Inc. v. Zimmer, 160 Conn. 404, 408-09,279 A.2d 540 (1971). Copeland should have filed a motion to strike rather than a motion for summary judgment.
Copeland next argues that the third-party plaintiffs cannot prove that Copeland had exclusive control over the driveway surface, and therefore cannot prevail on a tort indemnification claim.[2] Copeland argues that it cannot be in exclusive control because proper application of the sealant requires the contractor to assess weather conditions before applying the sealant and to erect barriers. Copeland provided a certified deposition transcript of Greg Raleigh who states that he checks the weather channel and erects barriers before applying driveway sealant.
The third-party plaintiffs respond that the issue is whether Copeland was in exclusive control of the substance, not the CT Page 102 overall situation, and have provided affidavits from Greg Raleigh and Vincent Stellato demonstrating that the sealant was poured directly into Raleigh's tank, and was then poured directly onto the surface without changing the product.
The third-party plaintiff has raised a genuine issue of material fact as to whether Copeland was in control of the situation.
Lastly, Copeland argues that the third-party plaintiffs cannot prove that the, plaintiff's fall was caused by a defect in Copeland's products because their expert does not indicate that the pavement sealant was defective. Copeland relies on the expert disclosure and report of Jack A. Halprin Associates, Inc., which states "this type of sealant should not be slippery when wet." The third-party plaintiffs responded with a supplemental report from Jack A. Halprin Associates that states that if the product was slippery, "it would be slippery due to the nature of the material as opposed to anything in the manner that it was applied." The owner and the president of Raleighs' affidavits make the same statement. These statements put the fact of a defect in issue. Accordingly, the motion for summary judgment is denied.
KARAZIN, J.