[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR
CT Page 9098 SUMMARY JUDGMENT (#118)
I. The Special Defenses
The motion is denied insofar as it addresses special defenses because P. B. § 17-44 does not apply to special defenses unless a ruling on a motion for summary judgment would result in a judgment on the complaint, a counterclaim or crossclaim. H. R.Hillery v. Crystal Mall Associates, 2 CSCR 324 (February 11, 1987). Even if the plaintiff prevailed on all the special defenses, the answer contains a general denial which places the allegations of the complaint in dispute and therefore raises an issue of fact.
II. The Counterclaim
While this motion is labeled a motion for summary judgment it is in actuality a motion to strike because it attacks the legal sufficiency of the allegations of several counts of the counterclaim. While such a use of the motion is inappropriate,Burke v. Avitabile, 32 Conn. App. 765 (1993) the defendant has not raised this defect and thus it is deemed waived.
First Count
Granted. There are no allegations of fact which, if proved, would satisfy the essential requirements of the torts of abuse of process or malicious prosecution. G.S. § 52-568. Delaurentisv. New Haven, 220 Conn. 225 (1991).
Second Count
Denied. If the allegations of one cause of action contained in a separate count are sufficient but other allegations supporting a separate cause of action are not, the motion must fail. It is a mixed factual and legal determination as to whether the words involved were defamatory or privileged as distinguished from lebellous.
Third Count
Granted. This count does not plead the requisite elements of a CUTPA claim with sufficient particularity. S.M.S. TextileCT Page 9099Mills, Inc. v Brown, Jacobson, Et Al, 32 Conn. App. 786 (1993).
MOTTOLESE, JUDGE