[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The initial action in this case was brought by Wanda Tirado against the defendant, RPJ Management Corporation ("RPJ"). Ms. Tirado alleged that she was injured when she tripped over a protruding wire/cable located on 126 Stonefield Drive, property managed by RPJ. RPJ filed a third party complaint against Sammons Communications of Connecticut, Inc. ("Sammons") seeking common law indemnification. The third party complaint alleges that Sammons was responsible for the exposed wire/cable that Ms. Tirado tripped over. On February 11, 1998, Sammons filed a motion for summary judgment on the third party complaint.
A third party plaintiff must prove the following elements in an indemnity action: "(1) the party must have been negligent; (2) its' negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence . . ." (Citations omitted; internal quotation marks omitted.) Scofield v. Food forThought, Inc., Superior Court, judicial district of New Haven, Docket No. 288107 (April 1, 1993, Hadden, J.). See alsoSkuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 694 A.2d 788
(1997).
Sammons moves for summary judgment on three grounds. In the first ground, Sammons argues that RPJ failed to allege that Sammons was in exclusive control of the situation, therefore, Sammons is entitled to summary judgment. The first ground attacks a pleading deficiency of the third party complaint, which RPJ would have been permitted to correct as of right by way of a substitute pleading. Where a defendant challenges the legal sufficiency of a complaint by way of summary judgment, "it CT Page 7937 cannot avail itself of . . . pleading deficiencies which would have been corrected as of right by the [third party] plaintiff's filing a substitute pleading. . ." Wheeler v. MetropolitanProperty and Casualty Insurance, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 328262 (January 6, 1998, Thim, J.).
Accordingly, Sammons' motion for summary judgment is denied on this ground.
Sammons argues in the second ground that there remains no genuine issue of material fact as to whether Sammons was in exclusive control of the area where the plaintiff tripped and fell. Sammons submitted the affidavit of Ray Cenicola, Sammons' head engineer for Waterbury, to support their claim that Sammons did not have exclusive control of the area in question.
RPJ responds that there remains a genuine issue of material fact as to whether Sammons was in exclusive control of the area. RPJ relies on the deposition testimony of Elaido Rivero, Jr., the maintenance superintendent at 126 Stonefield Drive, to demonstrate that Sammons was in exclusive control of the area.[1]
Sammons relies heavily upon Scofield v. Food for Thought,Inc., supra, Superior Court, Docket No. 288107. In Scofield, the plaintiff filed a negligence action against Food for Thought, Inc. because she fell in a cafeteria that was operated by the company. Food for Thought filed a third-party complaint against the cleaning company that was responsible for cleaning the floors in the cafeteria. The court held that the cleaning company was not in "exclusive control of the situation" because the documents submitted by the cleaning company in support of their motion demonstrated that they performed cleaning services when the cafeteria was not open to the public. The plaintiff fell in the cafeteria when it was operated by Food for Thought and the cleaning company was no longer on the premises.
The present case is not analogous to Scofield v. Food forThought, supra. In the present case, whether Sammons' employees were on the premises at the time of the plaintiff's fall is not dispositive as to whether Sammons was in exclusive control of the situation. The documents submitted by the parties demonstrate that Sammons' wires/cables remained on 126 Stonefield Drive property. Also, the documents demonstrate that there remains a genuine issue of material fact as to whether CT Page 7938 Sammons was solely responsible for the maintenance and repair of the cables and control boxes, to the exclusion of RPJ. Therefore, Sammons' motion for summary judgment is denied on this ground.
Lastly, Sammons moves for summary judgment on the ground that RPJ cannot claim that they were unaware of the alleged acts and omissions of Sammons, the fourth element that RPJ must prove to be indemnified by Sammons. Sammons argues that if the trier of fact finds that RPJ did not act negligently in their failure to reasonably inspect the property or warn of the defect, then RPJ will not have a cause of action for indemnification against Sammons. Sammons further argues that if the trier of fact does find that RPJ acted negligently by failing to inspect the property or warn of the defect, then RPJ cannot allege that they were unaware of Sammons' alleged negligence.
RPJ counters that the possibility of a final judgment in favor of RPJ is premature. Further, RPJ argues that even if RPJ was found liable to the plaintiff, RPJ could still be indemnified against Sammons under the facts of the present case.
Sammons' third ground for summary judgment is an attack on the legal sufficiency of RPJ's third party complaint. "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624, cert. Denied, 228 Conn. 908,634 A.2d 297 (1993). Notwithstanding, "the Supreme Court has allowed the legal sufficiency of a cause of action to be determined on a motion for summary judgment when the pleadings show that there is no genuine issue of fact and the complaint fails to state a cause of action . . . However, the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike . . ." Kalwat v. Arnow, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132773 (February 5, 1996, Lewis, J.).
The third party complaint alleges the following: "[t]he third-party plaintiff had no reason to know of the third-party defendant's negligence and had no reason to anticipate it, and could reasonably rely on the third-party defendant not to be negligent." (Third Party Complaint, ¶ 8.) Sammons has not offered any evidence to demonstrate the absence of a genuine issue of material fact regarding this element. Accordingly, CT Page 7939 Sammons has not met its burden under a motion for summary judgment.
Accordingly, Sammons' motion for summary judgment is denied on this ground, as well.
By the court,
GILL, J.