[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to dismiss counts 5, 6 and 8 of this suit by a state employee, alleging that the court has no jurisdiction to decide it because the plaintiff has no contractual employment rights as a state employee.[1]
There can be no doubt after, Chotkowski v. State,240 Conn. 246, 267 (1997), "that state employees do not have contractual employment rights absent a clear and unambiguous expression of legislative intent to the contrary", citing Pineman v. Oeschlin,195 Conn. 405, 416 (1985). Since all three of the challenged counts are premised on the existence of an employment contract between the plaintiff and the state, they cannot stand.
At the same time the defendant is correct that this is not properly a jurisdictional defect, and the correct motion would have been one to strike the counts. P.B. § 10-39(a)(1). This should not be fatal to the motion, however. The same "dictates of judicial economy" that led the Court in McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 528 (1991), to permit a motion to dismiss to be treated as a motion to strike are at work here. "Because [her] express and implied contract claims are predicated on the existence of rights that [she] does not possess",Chotkowski v. State, supra, 240 Conn. 268, there is no way the plaintiff's complaint could be amended to remedy the defect pointed out by the defendant's motion to dismiss. If this motion to dismiss were denied, it also seems likely that the defendant could successfully raise the same issues via a motion for summary judgment. See Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409
(1971); Burke v. Avitabile, 32 Conn. App. 765, 769 (1993). There is no sound reason to postpone the resolution of these issues by denying this motion and awaiting a motion for summary judgment.
Accordingly, treating the motion to dismiss as a motion to strike counts 5, 6 and 8, the motion is granted, and the counts are stricken from the complaint.
Shorthall, J. CT Page 11846