[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against two Hartford police officers, the Chief of Police and the operator of the night club, Damach, Inc. operating "Mezzanotte" night club, the general location of the incidents described in the complaint.
As to the defendant Damach, Inc. the plaintiff claims that while in the process of exiting the defendant's premises he was prevented from doing so and was struck and pushed by the agents, servants and/or employees of the Defendant.
This defendant moves for summary judgment claiming that the plaintiff, from his deposition, admitted that the defendant Damach's agents did not harm him in removing him from their premises after he struck the employee Jeffrey Squillante. The information submitted by this defendant does not reach a conclusive determination as to warrant summary judgment in favor of this defendant.
The plaintiff did testify that after he had punched the hat check man in the face twice he was grabbed by three or four bouncers, who "brought me outside, you know with force" ¶ 35. It is obvious that three or four bouncers, acting in consort, can place a substantial amount of force upon an individual.
When it was proposed, on cross-examination, that the injuries "happened outside when the police were restraining you," the plaintiff responded "I would say most of them, because I was physically brought outside, so I would have . . ." ¶ 78. He again affirmed that he was removed "In the physical way." by the bouncers. ¶ 79. This testimony falls far short of an admission by the plaintiff that he was not injured by the bouncers. There were no questions asked as to subjective pain or discomfort or objective signs such as bruising, discoloration or the like. No medical reports are submitted to address that question. The plaintiffs claim that the bouncers "just threw me outside" does not lead to a conclusion that this was a non-invasive gentle escort. (¶ 35).
Both counsel cite Burke v. Avitable, 32 Conn. App. 765 which stands for the univer proposition that summary judgment cannot be granted when there is in fact contested factual issues. That is CT Page 6841 the circumstances in the present case.
The motion for summary judgment is denied.
L. Paul Sullivan, J.