[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S REQUEST FOR LEAVE TO AMEND ITS COUNTERCLAIM AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM
 I
The plaintiffs have conceded, at oral argument, that the counterclaim and the amended counterclaim are substantially the same and, therefore, this court grants the defendant's request dated December 21, 2001, for leave to amend its counterclaim.
 II
The plaintiffs filed a motion for summary judgment on the defendant's counterclaim on October 6, 2000, arguing that because the defendant already has debited the plaintiffs' bank account in the amount of the alleged forged check, the defendant cannot show that it has been damaged by the alleged breach of warranties.
Since the amended counterclaim dated December 21, 2000 has been allowed, the motion for summary judgment must be treated as directed to the amended counterclaim. That amended counterclaim is not seeking damages against the plaintiffs but is limited to a claim for recoupment. The basis for the plaintiffs' summary judgment motion, i.e. that no damages have been sustained by the plaintiffs' alleged breach of warranties because it debited plaintiffs account prior to filing its counterclaim, is not a proper ground to grant summary judgment. "The office of a motion for summary judgment is not to test the legal CT Page 4279 sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 772, cert. denied 228 Conn. 908, 634 A.2d 297 (1993). It may well be that a counterclaim claiming recoupment only and not making a claim for damages is inappropriate but claims to that effect are not, in the view of this court, properly raised by a motion for summary judgment even though they may possibly justify either a request to revise or a motion to strike.
For the foregoing reasons, the plaintiffs' motion for summary judgment is denied.
Wagner, TJR