[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (FILE #118)
On September 3, 1993, plaintiff filed a petition for an automatic ninety-day extension of the statute of limitations pursuant to General Statutes § 52-190a(b). The extension was granted by the court on September 9, 1993, and on December 27, 1993, plaintiff filed a single count malpractice complaint against defendant, Philip A. Shelton, a physician specializing in ophthalmology.
The complaint contains the following allegations. On September 26, 1991, defendant performed cataract surgery on the left eye of plaintiff. On September 27, 1991, plaintiff experienced severe pain in her left eye and was admitted to St. Francis Hospital, Hartford. At that time, plaintiff was diagnosed as suffering from endophthalmitis of the left eye. On September 26, 1991, defendant failed to exercise, in his diagnosis and treatment of plaintiff, the degree of care, skill and diligence which physicians in the State of CT Page 8708 Connecticut, and in the same general line of practice, ordinarily possess and exercise in like cases. Furthermore, the injuries sustained by plaintiff were caused by the negligence of defendant in that defendant: failed to administer preoperative antibiotics to plaintiff, failed to administer perioperative antibiotics to plaintiff, and failed to administer postoperative antibiotics to plaintiff. As a result of defendant's negligence, the plaintiff sustained a permanent and total loss of the sight in her left eye. Additionally, defendant's negligence caused plaintiff to undergo surgery on September 27, 1993 and resulting hospital and medical care. Plaintiff has suffered great physical pain and suffering as well as mental anguish.
On March 30, 1994, plaintiff filed a single count amended
complaint containing the same essential allegations as in the initial complaint (12/27/93).[1] Defendant's answer, filed June 10, 1994, asserts as a special defense that plaintiff's claims are barred by the applicable statute of limitations, General Statutes Section 52-584. Defendant has filed a motion for summary judgment, with supporting memorandum of law, on the ground that with regard to the special defense, there exists no genuine issue of material fact as to plaintiff's claim being barred by the statute of limitations pertaining to medical malpractice. In support of the motion, defendant has submitted: (1) documentation evidencing that the action was filed December 27, 1993; and, (2) requests for admissions, dated June 15, 1994, and the responses thereto, dated June 27, 1994. Plaintiff has filed a memorandum of law in opposition to defendant's summary judgment motion, along with many of the same documents on which defendant relies, plus answers to interrogatories and disclosed medical records.
"The [purpose] of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993). Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Water and Way Properties v. Colt Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994); Conn. Prac. Bk. Section 384.
When a moving party has presented evidence in support of CT Page 8709 a motion for summary judgment, the opposing party is required to provide evidence demonstrating the existence of a disputed material fact. Burns v. Hartford Hospital, 192 Conn. 415, 455
(1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12 (1983); Yanow v. Teal Industries, Inc., 178 Conn. 262,268 (1979). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue: `Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . .'". Burns v.Hartford Hospital, supra at p. 455. "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case" Catz v. Rubenstein,201 Conn. 39, 48 (1986). "The movant has the burden of showing the non-existence of [issues of material fact], but the evidence . . presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Burns v. Hartford Hospital, supra; Barnes v. Schlein,192 Conn. 732, 738 (1984). With regard to a summary judgment motion, the burden rests upon the movant, and therefore, the information properly before the court "must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Catzv. Rubenstein, supra at p. 49.
Defendant argues that plaintiff's complaint, alleging medical malpractice, is barred by the statute of limitations, General Statutes § 52-584, in that the statute would have run on September 26, 1993, exactly two years after the date of injury. He maintains that although plaintiff was granted an automatic ninety (90) day extension of the statute of limitations on September 9, 1993, she failed to file the original complaint until December 27, 1993, two days after the expiration of the ninety day extension granted by the court.
In opposition, the plaintiff contends that a genuine issue of material fact exists as to the commencement date for the running of the statute of limitations. Plaintiff argues that the initial surgery occurred on September 26, 1991, and thereafter, she first experienced pain in her left eye on September 27, 1991, at which time she sought further medical treatment and underwent another operation. Plaintiff contends that "actionable harm" is satisfied at the time the plaintiff knows or should know that the defendant's conduct caused such injury; she also claims that because an expert opinion was not CT Page 8710 provided until much later regarding defendant's deviation from the standard of care, plaintiff did not discover, nor should she have discovered, that her injury was caused by the defendant's negligent conduct, until a later point in time.[2]
General statutes § 52-584 reads, as follows:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings are finally closed.
General statutes § 52-190a(b) states that "[u]pon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."
It has been admitted that the act or omission occurred on September 26, 1991; it is also admitted that ninety days from September 26, 1993 would be December 25, 1993, a Saturday. It is further admitted that the Superior Court Clerk's Office, following the close of business on December 23, 1993, was next open on Monday, December 27, 1993; and additionally, that the defendant was served, and the complaint filed, on Monday, December 27, 1993.[3] It is defendant's contention that the bringing of this law suit was at least two days beyond the statutory limitation.
Section 52-584 requires that the action be brought within two years from the date when the injury is sustained, or discovered, or in the exercise of reasonable care should have been discovered. An "injury occurs when a party suffers some form of actionable harm." (Emphasis in original). Catz v.Rubenstein, supra at p. 43. Our Supreme court has stated:
"A breach of duty by the defendant and a causalCT Page 8711 connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence . . . They are therefore necessary ingredients for `actionable harm.'" (Emphasis added).
Catz v. Rubenstein, supra at p. 44.
Consequently, a plaintiff would not be the subject of an "injury", as "contemplated by the statute [Section 52-584]" until the plaintiff has discovered, or in the exercise of reasonable care should have discovered, a causal relationship between the alleged negligence and the resulting harm.[4]
Plaintiff has admitted that the act or omission occurred on September 26, 1994. However, it would appear to the court, on the documentation submitted, that an issue of fact exists as to when plaintiff suffered actionable harm; that is, when she discovered, or in the exercise of reasonable care should have discovered, the causal connection between an alleged negligent act and harm she suffered. Documentation discloses that plaintiff treated with the defendant to November, 1992. The complaint alleges that plaintiff first experienced pain in her left eye on September 27, 1991; there are additional allegations of failure to administer antibiotics, postoperative, to plaintiff.[5] Although the act or omission occurred on the date(s) admitted, it is unclear that plaintiff initially knew, or reasonably should have known, that negligence, as alleged, was causally related to her condition. Since the date on which the "injury" (i.e., "actionable harm") was sustained or discovered is in dispute, the date on which the statute of limitation began to run is also in dispute, and constitutes a genuine issue of material fact.
Defendant's motion for summary judgment (File #118) is hereby Denied.
Mulcahy, J.