374 A.2d 105.

DOROTHY H. STEWART *vs.* DAVID R. McGOVERN,
*in his capacity as Treasurer of the City of Providence*

JUNE 16, 1977.

PRESENT: Bevilacqua, C. J., Paolino. Joslin, Kelleher and Doris, JJ.

PER CURIAM. The plaintiff brought this civil action against the defendant, in his capacity as treasurer of the city of Providence, to recover damages for personal injuries sustained on November 9, 1971, as a result of a fall on an allegedly defective sidewalk on Broad Street. A jury in the Superior Court returned a verdict finding that the plaintiff had suffered total damages in the amount of $6,000, but, in reply to interrogatories put to them under our comparative negligence statute, G.L. 1956 (1969 Reenactment) §9-20-4, the jury attributed 90 percent of the negligence to the city and 10 percent to the plaintiff. The damages were diminished accordingly and a judgment was entered in favor of the plaintiff for $6,480. Interest is included in that amount. Thereafter the trial justice denied the defendant's motion for a new trial and the defendant appealed.

During oral argument before us defendant expressly waived his challenge to the failure of the trial justice to give a certain instruction. Thus the only issue here relates to defendant's contention that the trial justice was clearly wrong in denying the motion for a new trial on the

grounds that the verdict was against the law and the evidence.

For defendant to succeed in his appeal he must establish that the trial justice in considering the motion for a new trial failed to perform his duty as set forth in *Barbato* v. *Epstein,* 97 R.I. 191, 193-94, 196 A.2d 836, 837 (1964), or that in performing his duty he either overlooked or misconceived material evidence on a controlling issue or was otherwise clearly wrong. *Handy* v. *Geary,* 105 R.I. 419, 435, 252 A.2d 435, 443 (1969). The defendant has failed to meet that burden.

Even if we assume that the trial justice failed to perform his duty in passing on the motion for a new trial, it does not follow that the defendant is automatically entitled to a new trial. In such a situation we examine the evidence ourselves in accordance with our appellate rule and sustain the verdict if there is any competent evidence which, when viewed in the light most favorable to the prevailing party, supports the verdict. *Morinville* v. *Morinville,* 116 R.I. 507, 516, 359 A.2d 48, 54 (1976). Here there is such evidence and therefore we affirm the trial justice's denial of the motion for a new trial.

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey, Richard A. Skolnik,* for plaintiff.

*Louis A. Mascia,* City Solicitor, *Albert R. Ciullo,* Asst. City Solicitor, for defendant.