[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ruth Randall, filed an amended five-count complaint against the defendants, Kathleen M. Jackson, The Studio, Inc., (Studio), and Jackson, May and Moulder (JMM), dated May 5, 1994, alleging wrongful discharge, conversion of funds and assets, and breach of fiduciary duty. Previously, the United States District Court, District of Connecticut, granted the plaintiff's motion to cite JMM as an additional party defendant and to amend the summons and complaint to add a count against JMM. The case was subsequently remanded to this court. JMM has filed a motion seeking summary judgment in its favor.
The standard for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v. Danbury Hospital,
CT Page 4715232 Conn. 242, 250, 654 A.2d 748 (1995).
The defendant JMM contends that where an officer of a corporation has allegedly diverted assets and business opportunities of a corporation, the remedy is for the corporation to bring suit for the injuries it has sustained. If the corporation does not pursue its remedies, only then may a shareholder bring a derivative action. Barrett v. SouthernConnecticut Gas Co., 172 Conn. 362, 370, 374 A.2d 105 (1977). This argument is inapplicable. The allegations against JMM do not allege that an officer of JMM has diverted JMM's assets, but alleges that JMM diverted assets of The Studio, Inc. and of the plaintiff.
The plaintiff argues that the defendant is alleging misjoinder of parties, and the exclusive remedy for misjoinder of parties is by a motion to strike. The plaintiff also argues that the U.S. District Court already decided the issue presented by the motion for summary judgment.
The defendant is not alleging misjoinder of parties. It appears to be contending that the plaintiff does not have standing to bring an action on behalf of The Studio, Inc. The district Court permitted the plaintiff to cite in JMM and to state claims against JMM, referring to the plaintiff's contentions that JMM and Jackson have been unjustly enriched by the usurpation of the business attributes and opportunities carried on by The Studio, Inc., in which plaintiff was an officer, director and 50 percent shareholder. The fifth count of the complaint alleges that JMM usurped the corporate rights and business opportunities of the defendant, The Studio, Inc., and the plaintiff, who was a shareholder, officer and director of the Studio, Inc.
As an initial matter, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues."Burke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993).
Furthermore, while "a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily,' deriving his rights from the corporation which is alleged to have been wronged . . . [a] distinction must be made between the right of a shareholder to bring suit in an individual capacity as the sole party CT Page 4716 injured, and his right to sue derivatively on behalf of the corporation." Yanow v. Teal Industries, Inc., 178 Conn. 262,281-82 422 A.2d 311 (1979). "It is . . . well settled that if the injury is one to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual." Id., 282.
While the complaint is not entirely clear on the matter, in construing the pleadings most favorably to the nonmoving party, the plaintiff alleges a fraud perpetrated against the plaintiff by JMM, and damage to the plaintiff's individual interests as a 50 percent stockholder, director and officer.
Thus, JMM's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of June, 1996.
WILLIAM BURKE LEWIS, JUDGE