[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 17, 1997
The plaintiff, Pedro Colon, administrator of the estate of Itzel Colon, and Pedro Colon individually, bring this personal injury action against Timothy M. Barczak, M.D., Faire Harbour CT Page 7640 Obstetrics Gynecology, P.C., and Lawrence and Memorial Hospital for damages arising out of the defendants' alleged negligent conduct. The defendants Barczak and Faire Harbour move for summary judgment on the third count of the amended complaint in which Colon alleges negligent infliction of emotional distress.
The plaintiff alleges the following facts. At all times relevant to the incident herein, Barczak was a licensed medical doctor with an office located at Faire Harbour. At some time prior to June 26, 1994, Barczak undertook to care for and treat the plaintiff's decedent, Itzel Colon. On June 26, 1994, the plaintiff' decedent, who was then thirty weeks pregnant and who had a history of hypertension and diabetes, arrived at the defendant hospital emergency room complaining of difficulty in breathing. Thereafter, she was admitted to the hospital, where she remained until her discharge the next morning. The plaintiff decedent's symptoms continued, however, and, on July 6, 1994, she returned to the hospital. Tests conducted at the hospital indicated that her blood pressure was elevated. At 12:50 p. m., she was again admitted to the hospital where she continued to exhibit high blood pressure readings and to experience difficulty in breathing. That evening, at 7:30 p. m., the plaintiff decedent and her fetus died.
Count three alleges that, as a result of the negligence and carelessness of Barczak and Faire Harbour, Colon "suffered extreme emotional distress as he observed the deteriorating condition of his wife and unborn child, as well as witnessing their untimely death." Barczak and Faire Harbour move for summary judgment on count three on the ground that Connecticut does not recognize a cause of action for bystander emotional distress in medical malpractice actions.
"There is considerable uncertainty as to whether a trial court may appropriately grant summary judgment on the ground that the complaint on which judgment is sought fails to state a claim upon which relief can be granted." Lopez v. Rivera, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 537675 (April 11, 1996) (Sheldon, J.). In Boucher Agency,Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971), the Supreme Court held that summary judgment may properly be sought to contest legal sufficiency where the pleadings are closed. InBurke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993), cert. denied, 228 Conn. 908, 634 A.2d 297 (1993), the Appellate Court disagreed, stating that "[t]he office of a motion for CT Page 7641 summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." The Burke court stated that Boucher "seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizingBoucher, the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous." Id., n. 9.
"Superior Court judges have consistently relied on theBoucher language in allowing the legal sufficiency of a complaint to be challenged via the summary judgment motion." (Internal quotation marks omitted.) Skirvin v. Kastens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044237 (January 9, 1996) (Skolnick, J.) (16 CONN. L. RPTR. 497); see also Camp v. Chase, 39 Conn. Sup. 264, 267 n. 1,476 A.2d 1087 (1983); Blair v. Mis, Superior Court, judicial district of Waterbury, Docket No. 110197 (March 10, 1995) (McDonald, J.);Kimball v. Gallant, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 453080 (March 16, 1994) (Berger, J.) (11 CONN. L. RPTR. 286); Kelley PropertyDevelopment, Inc. v. Lebanon, Superior Court, judicial district of Middlesex, Docket No. 56981 (July 9, 1992) (Austin, J.) (7 CONN. L. RPTR. 51, 7 C.S.C.R. 967), aff'd, 226 Conn. 314 (1993);O'Connor v. Braun, Superior Court, judicial district of New Haven at New Haven, Docket No. 306480 (April, 29, 1994) (Hadden, J.). Boucher
is, after all, the law of this state until it is overturned. SeeJolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 195,676 A.2d 831 (1996) (stating that "it is axiomatic that a trial court is bound by Supreme Court precedent.").
The Burke court acknowledged that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike], or otherwise. . . . Thus, failure by the defendants to [move to strike] any portion of the amended complaint does not prevent them from claiming that the [plaintiff] had no cause of action and that a judgment in their favor was not warranted." (Citation omitted; internal quotation marks omitted.) Burke v.Avitabile, supra, 32 Conn. App. 769. "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660, (1997). The court will consider the defendants' motion. CT Page 7642
The defendants argue there is no cause of action in Connecticut for bystander emotional distress in the context of medical malpractice actions. They contend that although the Supreme Court recognized a cause of action for bystander emotional distress in Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996), that decision did not affect the decision inMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), wherein the court refused to recognize such a cause of action in medical malpractice cases. The plaintiff argues that Clohessy overruledMaloney and established a bright line test to apply to all claims of bystander emotional distress.
The Superior Court has addressed this issue previously and has concluded that Clohessy did not overrule Maloney. See Chabotv. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997) (Sferrazza, J.) (19 CONN. L. RPTR. 250); Wildman v. ConnecticutAllergy and Asthma Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (18 CONN. L. RPTR. 453) (December 16, 1996) (Levin, J.); SanAngelo v. Lewis, Superior Court, judicial district of Waterbury, Docket No. 132931 (17 CONN. L. RPTR. 689) (October 4, 1996) (Fineberg, J.); Langella v. G-WZ ofStamford Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148891 (August 2, 1996) (Lewis, J.); Shahamv. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (June 26, 1996) (Moraghan, J.) (17 CONN. L. RPTR. 232).
The court in Maloney stated that "[w]hatever may be the situation in other contexts where bystander emotional distress claims arise, we are convinced that, with respect to claims arising from malpractice on another person, we should return to the position we articulated in Strazza [v. McKittrick,146 Conn. 714, 156 A.2d 149 (1959)] that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" Id., 402, quoting Strazza v.McKittrick, supra, 719. Although the Maloney court determined that there could be no recovery for bystander emotional distress in medical malpractice cases, it left open the possibility that a different result may pertain in other contexts. See Chabot v. DayKimball Hospital, supra (stating that "[t]he Maloney decision anticipated the possible demise of Strazza in nonmalpractice cases."). Indeed, in Clohessy, the court remarked that the factual scenario in Maloney did not present "an opportunity to make a definitive ruling on whether to recognize a cause of CT Page 7643 action for bystander emotional distress." Id., 44; see Chabot v.Day Kimball Hospital, supra (stating that Maloney recognized "the possibility that the holding in Strazza might be outdated `in other contexts' but emphatically reiterated that there can be no recovery for bystander emotional injury in the medical malpractice area").
The facts in Clohessy provided the court with an opportunity to review its decision in Strazza, and the court expressly overruled that decision. The court did not, however, expressly overrule Maloney. The court in Chabot "infer[ed] from this disparity in treatment of the two decisions that our Supreme Court viewed the Maloney decision as remaining good law" and stated that "[i]t is inconceivable that the Clohessy Court intended to overrule Maloney implicitly while overturning Strazza
explicitly having conjoined these cases for discussion purposes."Chabot v. Day Kimball Hospital, supra.
The court in Clohessy recognized the Maloney court's concern in permitting liability in medical malpractice cases. TheClohessy court observed that central to the decision in Maloney
was that "`the etiology of emotional disturbance is usually not readily apparent as that of a broken bone following an automobile accident. . . .'" Clohessy v. Bachelor, supra, 237 Conn. 44, quoting Maloney v. Conroy, supra, 208 Conn. 397. "The problem is compounded when the underlying act of negligence with respect to the victim is medical malpractice because there generally is no significant observable sudden traumatic event by which the effect upon the bystander can be judged. For this precise reason most courts have recognized that a cause of action for bystander emotional distress must be confined in order to avoid limitless liability." Id., 44. Thus, under Clohessy, a cause of action for bystander emotional distress requires that the emotional injury of the bystander be "caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location. . . ."Id., 56.
The Maloney court expressed concern that allowing recovery by one who was "at the bedside" of the victim would be "likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients" which, in the court's opinion, would be "a regrettable social consequence of enlarging the right to recover for emotional disturbances based CT Page 7644 upon the impact of medical malpractice upon bystanders. . . . Another undesirable sequel . . . [that would be] likely to follow upon our creation of a duty to a patient's visitors or relatives is that medical personnel may feel obligated to respond to the usually uninformed complaints of visitors concerning the treatment of patients more for fear of stimulating emotional disturbances upon the part of the visitors than because of the merits of the complaint." Maloney v. Conroy, supra,208 Conn. 402-03. As noted in Chabot, "[n]one of the factors peculiar to medical malpractice bystander distress was refuted or disavowed in Clohessy." Chabot v. Lawrence and Memorial Hospital, supra.
The defendants' motion for summary judgment on count three of the complaint is granted.
HURLEY, J.