[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#110)
 FACTS
This action is before the court on the defendant's motion to strike the third count of the plaintiff's amended complaint, dated August 23, 1999. The plaintiff has filed a timely motion in objection and a memorandum in support dated September 22, 2000. Oral arguments were heard on this motion on October 19, 2000.
The facts alleged in the third count of the complaint are as follows: The plaintiff, Gina Vanase, is the mother of Todd Cote Jr., a newborn baby who died on January 30, 1999, while under the care of the defendant, State of Connecticut, University of Connecticut Health Center, John Dempsey Hospital. On January 13, 1999, the plaintiff was admitted to the hospital as a pre-term gestation maternity patient. The plaintiff claims that the hospital, its employees, and agents, committed various acts of medical malpractice on Todd Cote Jr., both before and after his birth, and these acts of negligence lead to a brain injury which ultimately caused the child's death.
In the third count of the complaint, the plaintiff attempts to state a claim for bystander emotional distress. This count alleges that Todd Cote Jr. was subjected to excruciating pain and suffering which was constantly witnessed by the plaintiff. The count also alleges that the plaintiff repeatedly complained to the employees of the hospital about the inadequate care her child was receiving and about the pain both she and her child were experiencing, yet the defendant did not respond. The plaintiff further alleges that she reported decreased fetal movement to CT Page 1846 the staff on January 18, 19 and 20, 1999, and that the hospital did not act on this information. Lastly, the plaintiff alleges that the defendant was negligent because it did not act to deliver Todd Cote Jr. until fourteen hours after it was noticed there was no fetal breathing on January 21, 1999.
As a result of these actions and other alleged negligent acts that occurred after the child's birth, the plaintiff alleges that she has suffered extreme emotional distress. The plaintiff alleges that she experienced feelings of apprehension for the safety and well being of her son and herself from the time she was admitted to the hospital until the child's death seventeen days later. The plaintiff also alleges that she suffered severe emotion distress as a result of anticipating and observing the defendant's failure to adequately treat her son and as a direct result of witnessing her son's deteriorating health conditions. Lastly, the plaintiff alleges that she will never recover from the severe mental and emotional distress she suffered from witnessing the defendant's actions, her son's sickness and his ultimate death. As a result, the plaintiff claims that she has suffered an emotional injury for which she seeks damages.
 DISCUSSION
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court . . ." (Citation omitted.) Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927
(2000). When ruling on a motion to strike, the court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . ." (Citation omitted.) Lombard v. Edward J. Peters,Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "What is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombard v. Edward J. Peters, Jr.,P.C., supra, 252 Conn. 626.
 Bystander Emotional Distress
The defendant moves to strike count three of the complaint alleging that Connecticut does not recognize a cause of action for bystander emotional distress in medical malpractice actions. The defendant also argues that the factual situation asserted in this case is similar to that asserted in Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), CT Page 1847 where the Connecticut Supreme Court denied a bystander emotional distress claim in a medical malpractice case. The plaintiff argues that the decision of the Connecticut Supreme Court in Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), allows an assertion of a claim for bystander emotional distress provided the pleadings allege enough facts to state a claim for which relief can be granted, as set forth inClohessy. The plaintiff further alleges that the Maloney decision was overruled by Clohessy.
This court recognizes that there is a split in authority as to whether a plaintiff can assert a cause of action for bystander emotional distress in a medical malpractice action. Drew v. The William Backus Hospital,
Superior Court, judicial district of New London at New London, Docket No. 550724 (September 30, 1999, Hurley J.T.R.) (Court analyzes in detail the confusion of the trial courts regarding bystander emotional distress claims in medical malpractice actions and lists citations to a number of cases where the superior courts have both allowed a cause of action and held that there was no cause of action for bystander emotional distress in the medical malpractice context). The Connecticut Supreme Court has not addressed the issue of whether a plaintiff can assert a claim for bystander emotional distress in a medical malpractice action since its decision in Clohessy, therefore, this court is left to determine whether the Court's previous decision in Maloney v. Conroy, supra, 208 Conn. 392, governs this action. Maloney specifically held that there was no cause of action for bystander emotional distress in a medical malpractice action. Id., 402.
When the Connecticut Supreme Court decided to allow a claim for bystander emotional distress in Clohessy, the court adopted "a reasonable foreseeability test." Clohessy v. Bachelor, supra, 237 Conn. 56. Under this test, a bystander could recover if the bystander: "(1) is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury to the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Id., 56. This court previously adopted the view that, at least in some context, a plaintiff can assert a claim for bystander emotional distress for CT Page 1848 medical malpractice under the reasonable foreseeability test articulated in Clohessy. Drew v. The William Backus Hospital, supra, Superior Court, Docket No. 550724. In Drew, this court found that a mother and father could assert a valid claim for bystander emotional distress when both parents were present to watch the negligent actions of a hospital staff that lead to their child's cardiac arrest, and recover for the emotional distress the parents suffered as they watched the hospital's unsuccessful attempts to resuscitate their child over a period of an hour and twenty minutes. Id. In that decision however, this court maintained that it would not allow recovery for bystander emotional distress in a situation like Colon v. Barczak, Superior Court, judicial district of New London at New London, Docket No. 537729 (July 17, 1997, Hurley, J.) (20 Conn. L. Rptr. 121). In Colon, this court held that a husband could not recover for the bystander emotional distress he claimed to experience over a period of days from watching "the deteriorating condition of his wife, and unborn child, as well as witnessing their untimely death." Id., 122.
In Clohessy, the Connecticut Supreme Court restated its concern about granting relief to a bystander in a medical malpractice action, noting that "there is generally no significant observable sudden traumatic event by which the effect upon the bystander can be judged. . . ." Clohessy v.Bachelor, supra, 237 Conn. 44. To satisfy those concerns, this court interprets Clohessy to require a plaintiff to make two allegations in order to show "contemporaneous sensory perception of the event or conduct which causes the injury" to the third party. Clohessy v. Bachelor,
supra, 237 Conn. 56. First, the bystander must allege actual perception of the distinct event or conduct[1] that caused the immediate severe or life threatening harm to the third party. Second, the bystander must allege that this observation immediately caused them to suffer severe emotional distress.[2] See Clohessy v. Bachelor, supra, 237 Conn. 52-53. This court believes that this test is sufficient to meet the concerns of the Clohessy court with respect to the etiology of emotional injuries because it allows a bystander to recover for emotional distress, in a medical malpractice action, only where there is a sudden event or act of medical malpractice which injures a third party. This limitation also allows a trier of fact to determine whether there is an emotional injury inflicted on a bystander that is severe enough to cause continuing damage to them and, yet, is unrelated to the overall grief, loss, or pain that the bystander may feel solely because they are related to the victim and watching the victim suffer in a medical environment.[3]
In this instance, the plaintiff alleges that she was the parent of the child, that the child died, and that she has suffered severe emotion injury beyond that anticipated in a disinterested witness. The plaintiff CT Page 1849 claims continuous actions of negligence by the defendant, over a seventeen day period, that led to her emotional distress, rather than one specific action or sequence of events of short duration that immediately caused her to suffer emotional distress. The plaintiff alleges that the injury she incurred resulted from the hospital's failure to diagnose the serious complications that had arisen during her pregnancy and the hospital's failure to immediately perform a caesarean section once it became apparent that the fetus was in distress.
After a review of the Court's decisions in Maloney v. Conroy, supra,208 Conn. 392 and Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), where the court declined to recognize an action for bystander emotional distress in a medical malpractice action, this court finds that this case is factually similar to both the Amodio and Maloney[4] decisions because plaintiff fails to allege a significant event or conduct leading to the plaintiff's immediate emotional distress. Therefore the court finds that this plaintiff, similar to the plaintiff's in Maloney andAmodio, fails to state a cause of action for bystander emotional distress. The court also finds that neither of the allegations in the current complaint are sufficient to satisfy the requirement of the second prong of Clohessy that requires a showing that "the bystander's emotional injury [was] caused by the contemporaneous sensory perception of the event or conduct that cause[d] the injury." Clohessy v. Bachelor, supra,237 Conn. 53. Specifically, this court finds that the plaintiff has not alleged that she perceived a distinct event or conduct from which her child was immediately harmed. Secondly, the court finds that the plaintiff has not alleged that she suffered immediate emotional distress as a result of witnessing a discrete, insular act of negligence by the defendant. As such, the defendant's motion to strike the third count of the amended complaint is granted.[5]
D. Michael Hurley Judge Trial Referee