[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
On June 14, 1997, the plaintiff, Charter Oak Federal Credit Union, commenced this breach of contract action against the defendants Lynn Christie-Vanwormer and Timothy Vanwormer.[1] On July 11, 1997 the pro se defendants filed an answer. On August 4, CT Page 811 1997, the plaintiff filed a motion to strike the defendants, answer for failure to comply with the Practice Book, which was granted on August 26, 1997. After retaining counsel, the defendants filed a motion to strike the plaintiff's complaint on September 3, 1997. The defendants also filed a memorandum of law in support of their motion. On September 11, 1997, the plaintiff filed a memorandum in opposition to the defendants' motion to strike. On September 19, 1997, the defendants' filed a reply to the plaintiff's memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 680, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corporation, supra, 240 Conn. 348.
The plaintiff argues that the defendants' motion to strike should be denied since it was filed after an answer was filed, out of the order of pleadings prescribed by Practice Book § 112. The defendants argue that the court should exercise its discretion to allow the defendants to file their motion to strike since the answer was filed by the pro se defendants who have since retained counsel, and since the answer was stricken by this court on August 26, 1997.
Practice Book § 112 provides, in relevant part: "The order of pleadings shall be as follows:
(1) The plaintiff's complaint. . . .
 (4) The defendant's motion to strike the complaint. . . .
 (5) The defendant's answer (including any special defenses) to the complaint. . . ."
Practice Book § 113 provides, "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for CT Page 812 by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." "A challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." Burke v.Avitabile, 32 Conn. App. 765, 769, 630 A.2d 624, cert denied,228 Conn. 908, 634 A.2d 297 (1993). "The very words of 113, `when the court does not otherwise order' indicate, however, that the court has discretion to allow the filing of pleadings out of order."Sabino v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134 (1989). "Section 6 of the Practice Book supports this view by allowing for the liberal interpretation of the rules where `strict adherence to them will work surprise or injustice' because the very design of the rules is `to facilitate business and advance justice.'" Id.
This court, exercising its discretion, permits the defendants to file their motion to strike, and addresses the motion on its merits.
The defendants argue that the plaintiff's complaint is legally insufficient under the Retail Instalment Sales Finance Act (RISFA), General Statutes §§ 36a-770 et seq., since the complaint does not allege that the plaintiff gave the defendants notice of the repossession of the automobile in accordance with §§ 36a-785 (b) and (c)[2], respectively. Also, the defendants' argue, the complaint does not plead that the plaintiff complied with the notice provisions regarding the manner of the proposed sale, and proceeds of the sale in accordance with §§ 36a-785 (d) and (e)[3], respectively. The plaintiff, relying on one trial court case, argues that the complaint need not plead notice to survive a motion to strike. The plaintiff argues that although a determination of proper notice is necessary for a favorable judgment, the plaintiff need not plead notice in its' complaint. Jacobs v. Healey Ford-Subaru,Inc., Superior Court, judicial district of Ansonia/Milford, Docket No. 031301, 3 CONN. L. RPTR. 193 (February 1, 1991) (Fuller, J.).
In support of their argument, the defendants cite ColtEmployees Federal Credit Union v. Lagassie, 30 Conn. Sup. 604,606, 316 A.2d 512 (App. Sess. 1973), in which the Appellate Session of the Superior Court affirmed the trial court's holding, in an action to recover a deficiency judgment after the repossession and resale of an automobile, granting a motion to CT Page 813 strike where the complaint failed to plead that proper notice was given under the RISFA.[4]
Following Colt Employees Federal Credit Union v. Lagassie,supra, this court finds that since the plaintiff did not plead that proper notice was given in accordance with the RISFA, the complaint does not state a legally sufficient cause of action.
Accordingly, the defendants' motion to strike the plaintiff's complaint is granted.
MARTIN, J.