[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 INTRODUCTION
On June 1, 1999, the court filed a memorandum of decision granting the defendant's motion to strike. Memorandum ofDecision, Stengel. (June 1, 1999). The basis for the court's decision was that the plaintiff had failed to file a memorandum of law in opposition to the defendant's motion to strike as required by Practice Book § 10-42. On June 10, 1999, the plaintiff filed a motion to reargue claiming that it had in fact filed a memorandum of law in opposition, on March 4, 1999.Plaintiff's Motion To Reargue, June 8, 1999. Attached to the motion to reargue was a copy of the plaintiff's memorandum of law date stamped on March 4, 1999, and then re-stamped on June 10, 1999. The court has in fact found the originally filed memorandum of law in opposition to the defendant's motion to strike. Because, there was in fact a timely opposition memorandum filed, the court will reconsider its original decision. The court points out, however, that the plaintiff's opposition memorandum has the wrong docket number on it and that is probably why the original document was not in the file when the court made its ruling.
Accordingly, the court vacates its decision of June 1, 1999 and renders this decision in its place.
 I
The defendant, Kathy Stewart, has moved this court to strike the plaintiff., Kenneth Tersavich's complaint for failure to state a cause of action because "Connecticut recognizes a cause of action for `bystander emotional distress' only on behalf of persons` closely related to the injury victim, such as the parent or the sibling of the victim' and, as appears on the face of the complaint, the plaintiff was not such a close relative of the injury victim, Robert Perkins." Defendant Kathy Stewart's MotionTo Strike, January 18, 1999; Memorandum of Law In Support ofMotion To Strike, January 18, 1999. CT Page 7264
 II
In a complaint dated March 5, 1998, the plaintiff, Kenneth Tersavich, alleges that he suffered "traumatic and serious emotional injuries and distress when he witnessed, as a bystander, a fatal injury to his brother-in-law, Robert Perkins (hereinafter, "the decedent") whom he had a close relationship with for many years." Complaint, ¶ 2. The plaintiff claims that he suffered his injuries when he witnessed the decedent crash his snowmobile into a telephone pole while driving under the influence of alcohol. Complaint, ¶ 3. According to the plaintiff, the defendant, Kathy Stewart is liable in negligence for his injuries in that she participated with, actively assisted, and encouraged the decedent's intoxicated and reckless driving of his snowmobile. Complaint, ¶¶ 5, 6.
The defendant filed an answer to the plaintiff's complaint on July 10, 1998. Answer, June 30, 1998. In her answer, the defendant admitted that the plaintiff did witness a fatal injury to his brother-in-law, Robert Perkins, which was sustained when the decedent crash his snowmobile into a telephone pole while driving under the influence of alcohol. She denied her liability and left the plaintiff to his proof on the rest of the claims raised in the complaint. Five months later, on January 19, 1999, the defendant filed a motion to strike the plaintiff's complaint.Defendant Kathy Stewart's Motion To Strike, January 18, 1999. In support of her motion to strike, the defendant claims that because the plaintiff was the decedent's brother-in-law, and not closely related to the decedent such as a parent or a sibling, a claim for bystander emotional distress is not available to him.Memorandum Of Law In Support of Motion To Strike, January 18, 1999. On March 4, 1999, the plaintiff filed a memorandum of law in opposition to the plaintiff's motion to strike. Plaintiff'sMemorandum of Law In Objection To Defendant's Motion To Strike, March 4, 1999.
 III
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998); Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). "The role of the trial court in ruling on a motion to strike is `to examine the [complaint], construed in CT Page 7265 favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action.' Dodd v.Middlesex Mutual Assurance Company, 242 Conn. 375, 378,698 A.2d 859 (1997). `In ruling on a motion to strike, the court is limited to the facts alleged in the complaint.' Faulkner v. UnitedTechnologies Corporation, supra, 240 Conn. 348." Charter OakFederal Credit Union v. Vanwormer, Superior Court, judicial district of New London at New London, Docket No. 542561 (Martin,J., Jan. 15, 1998).
Practice Book § 10-6 provides that the "order of the pleadings shall be as follows:
(1) The plaintiff's complaint. . . .
(4) The defendant's motion to strike the complaint. . . .
 (5) The defendant's answer (including any special defenses) to the complaint . . .
Practice Book § 10-7 provides that "[i]n all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the proceeding section [10-6] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.
"[G]enerally, pleadings are not to be filed out of the order specified in [10-6], and the filing of a pleading listed later in the order set out by [10-6] waives the right to be heard on a pleading that appears earlier on the list." Sabino v. Ruffolo,19 Conn. App. 403, 404, 562 A.2d 1134 (1989). Thus, a challenge to the legal sufficiency of a complaint, through a motion to strike should be filed and ruled on before the defendant files an answer to the complaint. Burke v. Avitabile, 32 Conn. App. 765, 769,630 A.2d 624 (1993). However, because of the language in Practice Book § 10-7, "when the court does not otherwise order," the court has discretion to allow the parties to file pleadings out of order. Sabino v. Ruffolo, supra, 19 Conn. App. 404. This discretion may be invoked by a court even after the moving party has filed its pleadings out of order. When deciding whether to allow such alteration in filing, the courts will often consider the length of time that has passed since the filing of the previous pleading. King v. Cummings Lockwood, Superior Court, judicial district of Stamford at Norwalk, Docket No. 144937 CT Page 7266 (D'Andrea, J., January 15, 1997) (Fleet National Bank v. Mascolo,
Superior Court, judicial district of Waterbury, Docket No. 088529 (August 22, 1990, Walsh, J., 2 Conn. L. Rptr. 285) (defendant's motion to strike filed over sixteen months after the answer and nine months after the case was claimed to the trial list was disallowed); but see County off Fairfield Trust Co. v. Malloy,
Superior Court, judicial district of Stamford, Docket No. 120289 (April 18, 1994, Karazin, J., 11 Conn. L. Rptr. 365 (1994) (although pleadings had been closed for nine and one half months, the court altered the order of pleadings to I allow a substituted party plaintiff to file a motion to strike, despite the earlier filing of a reply to the special defenses by its predecessor))
The defendant in the case at hand filed her answer to the complaint before she filed her motion to strike the complaint. The motion to strike was filed approximately five months after the answer was filed and ten months after the complaint was filed. The defendant never sought permission from the court to alter the order of her pleadings. Based on these circumstances, the court finds that the defendant's filing of her answer acted as a waiver to the filing of her motion to strike. Accordingly, the defendant's motion to strike is denied.
Stengel, J.